387 So.2d 1200 (1980)
Kathryn LAWES
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
Vickie A. JAMES
v.
Eric MATHERNE et al.
Donald P. WALTHER
v.
Eric MATHERNE et al.
Nos. 13392, 13393 and 13394.
Court of Appeal of Louisiana, First Circuit.
June 9, 1980.
Rehearings Denied September 8, 1980.
*1201 Larry P. Boudreaux, Thibodaux, for plaintiff-appellant, Kathryn Lawes in No. 36397.
Sidney Ordoyne, Thibodaux, for plaintiff-appellant, Vickie James in No. 37268.
David Cambre, New Orleans, for defendants-appellants, City of Thibodaux and National Fire & Marine Ins. Co.
Johnny X. Allemand, Thibodaux, for plaintiff-appellant, Donald P. Walther in No. 36816.
Rudolph Hargis, Houma, for defendants-appellees, Vickie James and Travelers Ins. Co. in Nos. 36397 and 36816.
Robert Butler, III, Houma, for defendants-appellees, Eric Matherne & Alvina Matherne and State Farm Mut. Auto. Ins. Co.
Charles LeBlanc, Thibodaux, for defendant-appellee, Commercial Union Ins. Co.
John Ladd Lanier, Thibodaux, for defendants-appellees, Vickie James and Aetna Cas. & Surety Co. in Nos. 36397 and 36816.
Denis Juge, New Orleans, for defendant-appellee, Government Emp. Ins. Co.
Joseph Clark, Jr., New Orleans, for defendants-appellees, Donald Walther and Government Emp. Ins. Co.
Michael Holmes, New Orleans, for intervenor.
Before COVINGTON, LOTTINGER and COLE, JJ.
LOTTINGER, Judge.
These consolidated cases arise out of a three car accident in the City of Thibodaux, Louisiana. All of these suits will be handled in this opinion.
Two issues are before us on appeal:
(1) Is the absence of a stop sign at an intersection which has a blinking overhead red light a cause-in-fact of an accident which occurs when a motorist runs the red light? And if it is, does a municipality whose officials have been informed of the missing stop sign owe a duty to motorists to replace the stop sign timely?
(2) Does the impecuniosity of one joint tortfeasor require a reduction in the amount of damages assessed against the other tortfeasor in solido who is capable of paying the full amount of the judgment?
These issues arise in a suit involving personal injury claims resulting from a three car collision at the intersection of Plantation Road and Ridgefield Road in the City of Thibodaux on January 25, 1977, shortly after noon. Ridgefield Road is a two lane blacktop street running generally north and south, whereas Plantation Road is a two lane blacktop road running generally east *1202 and west. Plantation Road is the favored street, and both streets have posted speed limits of 25 miles per hour. Plaintiff Donald P. Walther, alone in his vehicle, was proceeding in an easterly direction on Plantation Road, and plaintiff Vickie A. James, accompanied by her guest passenger, plaintiff Kathryn Lawes, was proceeding in a westerly direction on Plantation Road. At the same time, defendant Alvina Matherne, alone in her vehicle, was proceeding in a southerly direction on Ridgefield Road. The three vehicles collided in the intersection and sustained extensive damage.
The intersection was regulated by traffic control devices. The east-west traffic on Plantation Road was regulated by a yellow flashing overhead traffic light. Traffic proceeding in a northerly or southerly direction on Ridgefield Road was regulated by a red flashing overhead traffic light, which had been in existence since 1960. In addition to the red flashing light, the Ridgefield Road traffic was also controlled by a stop sign. However, the stop sign regulating south bound traffic on Ridgefield Road was not in place.
Walther, James and Lawes filed suit against the Mathernes, the Mathernes' insurer, their own insurers under the uninsured motorist coverage, and the City of Thibodaux and its insurer. James and her insurer were sued by Walther, and Lawes sued the insurers of Walther and James. Various third party demands were also filed.
Judgment was rendered in favor of Kathryn Lawes against State Farm Mutual Automobile Insurance Company (the liability insurer of the Mathernes) and the City of Thibodaux in the sum of $24,599.91, with the liability of State Farm being limited to the extent of its liability policy.
Judgment was also rendered in favor of Vickie A. James and against the defendants, Eric and Alvina Matherne; their insurer, State Farm Mutual Automobile Insurance Company; and the City of Thibodaux, in the full sum of $2,767.67. The liability of State Farm was limited to the extent of its liability policy, and because of the financial inability of the Mathernes to stand in judgment, their liability was limited to and satisfied by their policy with State Farm.
Lastly, judgment was rendered in favor of Donald P. Walther and against the defendants, Eric and Alvina Matherne, State Farm Mutual Automobile Insurance Company and the City of Thibodaux and its insurer, National Fire and Marine Insurance Company, in the full sum of $18,920.70. The liability of State Farm was limited to the extent of its liability policy, and because of the financial inability of the Mathernes to stand in judgment their liability was limited to and satisfied by their policy with State Farm.
Various expert witness fees were also awarded, and all incidental demands which had been filed were dismissed.
In appealing these judgments, the City of Thibodaux and its insurer, National Fire and Marine Insurance Company, contend that the trial court erred in holding that the absence of the stop sign was a legal cause of the accident and that the City had a reasonable opportunity to erect the stop sign. The City and its insurer also claim that the trial court erred in failing to find contributory negligence on the part of Donald Walther and Vickie A. James, and in limiting the liability of the Mathernes to their policy limits.
Donald P. Walther and Kathryn Lawes both appealed, contending that the trial judge was in error in failing to render judgment against Vickie James. Plaintiff, Vickie A. James, also took an appeal in the suit in which she was a plaintiff, seeking an increase in damages.

LIABILITY OF THE CITY
In his written reasons for judgment the trial judge said:
"Regarding the liability of the City, the preponderance of the evidence establishes as fact:
"1) that the stop sign controlling traffic for the southbound lane of Ridgefield Road was missing at the time of the accident,
*1203 2) that its absence had been called to the City's attention on at least two occasions prior to the accident,
3) that the City had a reasonable time after such notice to replace the sign, and,
4) that the absence of the stop sign created a very deceptive and dangerous situation.
Evidence further showed that Ridgefield Road is the favored thoroughfare over all other intersecting streets until it reaches the intersection with Plantation Road and, that when the stop sign is in place the danger of someone failing to stop for the flashing red light is substantially reduced. The Court therefore finds that there was a direct relationship between the accident and the absence of the stop sign and that the City's failure to replace the stop sign was a substantial factor without which the accident would not have occurred.
"Conduct is a cause-in-fact of harm to another if it was a substantial factor without which the accident would not have occurred, i.e., if it had some direct relationship to the accident. Laird v. Travelers Insurance Company, 263 La. 199, 267 So.2d 714 (1972)."
We find the trial court clearly erred in its findings of fact and conclusions of law regarding the city's liability. The fact that the stop sign was missing and that the city had a reasonable amount of time to replace it does not, in our minds, lead to the conclusion that "a very deceptive and dangerous situation" was created thereby, nor to the conclusion that the failure to replace the sign was a cause-in-fact of the accident. The cause-in-fact of this accident-and the sole cause-in-fact-was Mrs. Matherne's running of the flashing red light. Under the facts and circumstances of this case, failure to replace the stop sign had little, if any, actual causal link to the accident. Certainly, the city's failure to replace the sign was not a substantial factor without which the accident would not have occurred. We are convinced that Mrs. Matherne would have driven through the intersection regardless of whether a stop sign accompanied the flashing red light which controlled the traffic flow.
Even assuming, arguendo, that absence of the stop sign was, somehow, causally linked to the accident, we find that the trial judge failed to carry the analysis to its necessary conclusion. For even if the city's omission to act can be considered to be a cause-in-fact of the accident, the city will escape liability unless the plaintiffs can show that the city owed a duty to motorists to replace a stop sign at an intersection which is also controlled by an overhead flashing red light.
Once the city undertook the duty of providing traffic control at this relatively dangerous intersection, it fulfilled that duty when it placed the electric traffic control device in the intersection. Under La.R.S. 32:234(A)(1), a flashing red light is considered to be a stop sign and imposes a mandatory duty on the drivers to stop before entering the intersection when faced with such a device. While an additional stop sign at the intersection would not modify or conflict with this duty and would, therefore, be permitted under La.R.S. 32:41(A)(13), it would add nothing to the regulation of the traffic.
The assumption of the duty to control traffic at an intersection does not include the installation of multiple control devices, nor the maintenance thereof so long as one traffic control device is functioning properly. It is not practicable nor a sound legal precept to impose a duty to maintain a certain number of signs having the same purpose at a given intersection depending upon what is perceived to be the degree of attendant danger. Since a flashing red light is tantamount to a stop sign so far as the duty of a motorist facing it to stop is concerned, it follows that there is no need to install both devices and no corresponding duty on the part of a municipality to maintain an auxiliary sign.
We therefore reverse the trial court's finding of liability on behalf of the city.

*1204 LIABILITY OF JAMES
The record points out that as Ms. James approached the intersection she slowed her automobile in anticipation of a dip in the road which immediately preceded the intersection, and then continued to drive at this slow rate of speeded into the intersection. She testified that she looked first to her right, the direction from which the Matherne vehicle was approaching, but did not see the Matherne vehicle. She then looked to her left. When she looked back to her right she saw a blur which turned out to be the Matherne vehicle moving at a fast rate of speed. She had no time to take evasive action. She was on the favored street, slowing as she approached the caution light, and had no reason to anticipate that the Matherne vehicle would not stop for the flashing red light or the supposed stop sign. We agree with the trial judge that there is no fault on the part of Ms. James.

QUANTUM
Plaintiff Vickie James is the only party who has questioned the trial judge's monetary award on appeal. As noted above, the trial court awarded Vickie James the sum of $2,767.67, representing $2,500.00 in past, present and future mental and physical pain and suffering and $267.67 in medical expenses. Ms. James seeks to have the award increased to $34,209.37 on appeal.
Our examination of the record and exhibits in this case reveals that, as a result of the accident, Ms. James suffered a number of cuts, bruises and abrasions. Ms. James testified that she received a cut above her eye, two black eyes, a cut on the wrist, two bruised knees, a sore shoulder and sore ribs. She also received a laceration on her left buttock when she extricated herself from the vehicle. The lacerations on her wrist and forearm required stitching, and, some three months after the accident, a piece of glass and some calcium buildup was surgically removed from her wrist on an out-patient basis.
Ms. James suffered pain in her right shoulder for about 1½ months following the accident, while the pain in her ribs lasted approximately three weeks. She and her mother testified that she was bedridden for two to three weeks following the accident, during which time she could not bathe or dress herself. Ms. James was never hospitalized as a result of the accident and suffers no permanent disability from her injuries, although the orthopedic surgeon who examined her testified that she may experience numbness in her left hand on occasion in the future.
Although Ms. James' counsel cites a number of cases in which damages were awarded in excess of those awarded in the case at bar, our review of the record in this case convinces us that the trial judge did not abuse the great discretion given to him in cases of this nature. While the $2,500.00 general damage award is perhaps on the low side, we cannot say it is low enough to shock our consciences or to constitute an abuse of the trial court's discretion. See Hanzy v. Sam, 385 So.2d 355 (La.App. 1st Cir. 1980), No. 13208 on the Docket of the First Circuit Court of Appeal. We will therefore affirm the trial court's award of $2,500.00 in general damages and $267.67 in medical expenses.

APPORTIONMENT OF DAMAGES
The city and its liability insurer in appealing also argue that the trial court was in error in limiting the liability of the Mathernes to their policy limits without also reducing the liability of the alleged joint tortfeasor, the city, to its virile share. Were it not for our finding above that the city is not liable and is therefore not a joint tortfeasor, we would agree with the city's contention that the trial court erred in limiting the liability of the Mathernes under the "inability to pay" doctrine for the reasons recently handed down by the Louisiana Supreme Court in Daniels v. Conn, 382 So.2d 945, Nos. 66104 and 66416 on the Docket of the Supreme Court (1980). Our finding, however, that the city is not a joint tortfeasor with the Mathernes gives us cause to evaluate the holding of Daniels v. Conn, supra, in relation to the turn of events which transpired in the case at bar.
*1205 The court in Daniels said "that `where there are solvent and insolvent joint tortfeasors liable in solido, evidence of the insolvent defendant's inability to pay may not be considered by the trial judge (trier of fact) in determining damages to be awarded to the plaintiff, or in apportioning damages as between those joint tortfeasor defendants at the trial on the merits of plaintiff's claim'." Although there is some language in the Daniels case which indicates that the evidence of impecuniosity is irrelevant, we do not find the holding in Daniels to mean that the evidence is inadmissible and thus must be excluded.
Whether two or more defendants are found to be solidary joint tortfeasors is a question ordinarily answered after the trial is completed. In some cases, a court may find only one defendant liable for the claims sued upon by the plaintiff, and in other cases it may find two or more of the defendants liable for the plaintiff's damages. The issue of a defendant's impecuniosity is material and relevant in the event that that defendant alone is cast for the plaintiff's damages. Whether evidence of impecuniosity should be considered will depend upon whether the trial judge finds one or more of the defendants liable for the damages. If he finds a joint tortfeasor relationship, then the evidence of impecuniosity becomes irrelevant until contribution is sought.
The point is that determination of the relevance or irrelevance of the evidence of impecuniosity cannot be made until a court decides whether one or more of the defendants are liable. The evidence should, therefore, be admitted at the trial, but it should only be considered if the defendant whose impecuniosity is at issue is found to be solely at fault for the plaintiff's damages. We find, therefore, that the trial court correctly admitted the evidence of the Mathernes' impecuniosity, but he incorrectly considered it after finding that a solvent joint tortfeasor was solidarily liable with the impecunious defendant. The issue of impecuniosity, however, became relevant again when this court decided above that the city was not a solidary joint tortfeasor with the Mathernes.
We hold that the Mathernes' liability should be limited to the extent of their policy, but for different reasons than those assigned by the trial court.

INTERVENTION
After the trial of this case, plaintiff Vickie James retained a new attorney to handle her case on appeal. The attorney who handled her case at trial filed a motion with this court to intervene to recover fees and other expenses incurred at trial. This court allowed the intervention. An opposition to the intervention has been filed by counsel presently handling Vickie James' appeal. Because this intervention will necessitate the taking of additional testimony to determine the amount of fees owed to the intervenor, this case will be remanded for the narrow purpose of taking testimony relative to this intervention.

DECREE
Therefore, for the above and foregoing reasons, the decision of the trial court casting the city in judgment is reversed. In all other respects, the trial court opinion is affirmed, but this case is remanded for the sole purpose of hearing evidence relative to the claim of intervention. Costs of this proceeding will be paid by defendants-appellants, the Mathernes and their insurer, State Farm Mutual Automobile Insurance Company.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED IN PART.

ON REHEARING.
Before COVINGTON, LOTTINGER and COLE, JJ.
PER CURIAM.
In his application for a rehearing, plaintiff-appellant, Donald P. Walther, points out that "through inadvertance" the original opinion of this court "failed to render judgment in favor of Donald P. Walther and against his uninsured motorist carrier,
*1206 Government Employees Insurance Company; after having released the City of Thibodaux and its insurance carrier from liability thus leaving Mr. Walther with a judgment partially uncollectable."
The point is well made, and thus we amend the original judgment of this court to award judgment in favor of Donald P. Walther and against Government Employees Insurance Company to the extent and for that portion that the Walther judgment against the defendants Eric and Alvina Matherne and State Farm Mutual Automobile Insurance Company is not satisfied by the State Farm policy.
In all other respects the original judgment of this court as amended is affirmed and all applications for rehearing are denied.
REHEARING DENIED.