364 So.2d 1074 (1978)
Walter BECNEL
v.
ST. JOHN THE BAPTIST PARISH POLICE JURY and its Administrative Subdivision, St. John the Baptist Parish Public Utilities.
No. 9528.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1978.
Rehearing Denied December 15, 1978.
*1075 Rudman & Howard, D. Douglas Howard, Jr., New Orleans, for plaintiff-appellee.
Carville & Edrington, Richard L. Edrington, LaPlace, for defendant-appellant.
Before LEMMON, STOULIG and SCHOTT, JJ.
STOULIG, Judge.
Plaintiff, Walter Becnel, was awarded[1] $18,650 for a fire loss he alleged was caused by the negligence of the St. John the Baptist Parish Public Utilities (Utilities) in removing a fire hydrant that had been located within 500 yards of his property and never replacing it. Defendant has appealed.
Some time before August 22, 1974, the date of the fire, Utilities moved a hydrant that was 578 feet downriver on the River Road and approximately 1,328 feet from Becnel's store, located on West 23rd Street. The record does not establish where the nearest fire hydrant to plaintiff's store was located after the one at issue was removed.
The testimony of Harold LeBoeuf, superintendent of Utilities, indicates the hydrants were placed at a distance of 1,000 yards apart when they were installed. It is not clear whether they were placed on private property with the Parish obtaining and recording a servitude or on public property. Requests for relocating hydrants in this area are processed casually and generally complied with, according to LeBoeuf. Utilities failed to explain whether its accommodating policy stems from the fact that it has no enforceable servitude upon which it might rely in resisting the landowner's request or whether, as a general rule, it experiences no difficulty with informal business procedures.
In any event many facets of this case are open to speculation. The established facts are sparse. We know plaintiff's store burned at 1 a. m.; that the Reserve Volunteer Fire Department came to the scene with a fire truck with a water filled tank; that the water supply was exhausted before the fire was extinguished; and that the store burned to the ground.
We are not told how the presence of the removed hydrant would have diminished the damages. Plaintiff did not call any of the firemen to testify as to intensity of the fire; the progress in extinguishing it when the fire truck ran out of water; the length of time it would have taken to refill the truck; whether in this case the hydrant could have been utilized; how much time was lost because there was no hydrant; and whether the lost time would have made any difference.
*1076 M. J. Pedeaux, a member of the Edgard Volunteer Fire Department who admittedly had no knowledge of the type of fire truck, the amount of hose it carried, or the fire fighting procedures of the Reserve Volunteer Fire Department, testified in general about fire fighting practices, but his evidence shed little light on the relevant factual questions.
In short, plaintiff failed to prove the removal of the hydrant was a cause in fact of the fire loss. For cause in fact to exist, there must be some causal relationship between the harm to the plaintiff and defendant's negligent conduct. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972). Stated another way, the alleged negligent act must have a direct relationship to the damages. In terms of proximate and remote cause the alleged omission must be a contributing proximate cause of the accident.
Our analysis in this case is through the cause-in-fact/duty-risk approach outlined in Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), and reaffirmed in Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (1970). Described as a more precise method of analyzing negligent conduct and the liability stemming from it, the method involves first resolving the factual question: Did the alleged omission or commission have a direct relationship to the injury? If the answer to question one is no, the plaintiff has no case.
In this appeal, we need not go past step one because the evidence fails to establish the removal of the hydrant had any causal relationship to the fire loss.
For the reasons assigned the judgment appealed from is reversed and plaintiff's suit is dismissed at his cost.
REVERSED.
SCHOTT, J., concurs with written reasons.
SCHOTT, Judge, concurring:
In order for plaintiff to prevail he had to show that St. John the Baptist Parish and/or its governing body breached a duty to provide a fire hydrant at a reasonable distance from his property.
The legislature has provided for the creation and enlargement of fire protection districts subject to approval by the electors in the area to be served. LSA-R.S. 40:1491 et seq. The record shows that no fire protection district was ever established to include plaintiff's property. In the absence of the taxes which would support such a fire protection district, as provided by R.S. 40:1492, it can hardly be said that the parish was obliged to provide fire protection.
It would be absurd to hold the parish responsible for every fire which burns in a rural area where the citizens have not chosen to pay for fire protection by imposing on themselves the necessary taxes.
Since there was no duty on the part of the parish to furnish fire protection to plaintiff, the Utilities Department of the Parish is not liable for plaintiff's loss. I concur in reversing the judgment and dismissing plaintiff's suit.
NOTES
[1] Judgment was rendered in favor of the plaintiff against the "St. John the Baptist Parish [Public] Utilities". Said judgment dismissed the suit against the St. John the Baptist Parish Police Jury on the finding that it was free of negligence. In view of the result reached we need not consider this decree.