400 So.2d 251 (1981)
Dorothy Faye MATHEWS
v.
ELDER INTERNATIONAL et al.
No. 11920.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1981.
Rehearing Denied July 13, 1981.
*252 Charles E. Hamilton, III, New Orleans, for plaintiff-appellant.
Gerard M. Dillon, Georges M. Legrand, Dillon & Cambre, New Orleans, for defendants-appellees.
Before REDMANN, BARRY and KLIEBERT, JJ.
KLIEBERT, Judge.
Dorothy Faye Mathews, plaintiff-appellant (hereafter Mathews), was employed by the Louisiana Department of Education as a teacher of vocational skills at the Jefferson Parish Vocational-Technical School in Metairie in an educational program funded pursuant to the Comprehensive Employment and Training Act (CETA), which program was administered by the Office of Manpower Programs for the Parish of Jefferson (hereafter Manpower). In connection with her employment, Mathews was assigned a classroom space in a trailer located behind the school building. On February 8, 1978, during a heavy rainstorm, Mathews walked from the trailer to the main building to transact school business. After completing her business, she returned to the end of the hall located nearest her trailer-classroom and observed the inclement weather which prevented her from leaving the main building. As she started to turn around to return to the office, she slipped and fell, injuring her back. Mathews sued for damages, alleging that she fell due to the accumulation of water and/or sleet within the doorway of the school building. Named defendants were Elder International, the designer and owner of a trailer adjacent to the building where plaintiff was injured, and Manpower. A supplemental and amending petition subsequently named as additional defendants PRE Corp. and Pre Corp Leasing, Inc. (alleged to be affiliates of Elder International) and the Parish of Jefferson (hereafter Jefferson). Manpower and Jefferson filed a motion for summary judgment.
In support of their motion for summary judgment, Manpower and Jefferson attached the affidavit of John L. D'Aubin, the Director of the Jefferson Parish Vocational-Technical School on February 8, 1978. The affidavit states that the school building and land on which it is situated were owned by the State of Louisiana; that funds for the operation of the school were received from the State of Louisiana; that those funds included salaries of personnel who cleaned, maintained and repaired the school building, and that the CETA program which employed Mathews was conducted in a trailer rented by CETA and was not owned by the Jefferson Parish Vocational-Technical School. Summary judgment was granted by the trial court. Mathews appeals.
On appeal, Mathews contends the court below erred as a matter of law because there is a genuine issue of material fact as to the legal obligation owed by Manpower and/or Jefferson to plaintiff. Mathews alleges negligence on the part of Manpower and Jefferson in failing to specify or approve provisions for a covered walkway or canopy between the trailer and the entrance of the school, which failure resulted in the dangerous condition, i. e., water and/or sleet accumulating on the surface at the school's entrance. She also alleges that Jefferson was negligent in not providing adequate footmats and non-slip surfaces on the floor.
Kane v. Braquet, 368 So.2d 1176 (La. App.3rd Cir. 1979), writ refused 369 So.2d 1366, stated the requisites for a particular plaintiff to have a cause of action against a particular defendant, wherein it stated (at 1181):

*253 "Under the prevailing duty-risk formula of tort liability, for the plaintiff to establish a cause of action against a defendant, the initial question that must be determined is whether there is a causal relation between his act or omission and the resulting injury to the plaintiff. If so, then it must be determined whether there is a duty on the part of the defendant to protect the plaintiff from the type of harm he suffered, and finally whether there has been a breach of that duty. Owens v. New Orleans Maintenance, Inc., 349 So.2d 494 (La.App. 4th Cir. 1977)."
It is doubtful that there is any causal relationship between Jefferson's and Manpower's alleged acts or omissions and Mathews' injuries. Assuming, arguendo, that such a causal relationship did exist, it would not have the requisites to impose liability on appellee. Liability does not flow from every cause-in-fact of an accident, but only from those which involve violation of a duty. Welton v. Falcon, 341 So.2d 564 (La. App. 4th Cir. 1977); writ denied, 342 So.2d 872, 1109; Pepitone v. State Farm, 369 So.2d 267 (La.App. 4th Cir. 1979); writ denied, 371 So.2d 1343. Here, neither Jefferson nor Manpower was the owner of the building. Operations, maintenance and repair of the structure were handled by the State of Louisiana, through the Division of Administration. Neither Jefferson nor Manpower was Mathews' employer. Given the foregoing, we find that neither the Parish of Jefferson nor the Office of Manpower owed a duty to protect Mathews against the particular risk alleged to be involved here. In the absence of a legal duty, neither Jefferson nor Manpower can be held liable for the alleged negligence. Since these two defendants cannot be held liable for the alleged negligence, there is no genuine issue of material fact.
Accordingly, the judgment of the trial court granting summary judgment to the Parish of Jefferson and Office of Manpower, Parish of Jefferson is affirmed. Appellant to pay all costs of this appeal.
AFFIRMED.