399 So.2d 679 (1981)
James Donald PIERROTTI and Vickie Rulf Pierrotti
v.
ASSOCIATED INDEMNITY CORP., Mrs. Manuella N. Torres and Allstate Insurance Company, Louisiana Department of Transportation and Development.
Jose FUENTES, Jr. and Ophelia Fuentes
v.
James Donald PIERROTTI et al.
Nos. 14150, 14151.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
*680 Paul C. Tate, Tate, Tate & Tate, Mamou, Thomas L. Mahfouz, Lippman, Mahfouz & Martin, Morgan City, for plaintiffs.
Charles C. Culotta, Jr., Patterson, for Manuela N. Torres.
Robert M. Mahony, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abel, Lafayette, for third party plaintiffs James D. Pierrotti, Vickie Pierrotti, Haywood Rulf, Associated Indemnity Corp. and original defendants.
Richard D. Chappuis, Jr., Voorhies & Labbe, Lafayette, for third party plaintiff, Associated Indemnity Corp.
L. Lane Roy, Davidson, Meaux, Sonnier & Roy, Lafayette, for third party plaintiff, Allstate Insurance Co.
David K. Balfour, Asst. Gen. Counsel, Baton Rouge, for La. Dept. of Transportation & Development, Office of Hwys.
Before COVINGTON, CHIASSON and LEAR, JJ.
CHIASSON, Judge.
These consolidated suits arise from an intersectional collision between two vehicles in Berwick, Louisiana, where an off ramp of U.S. Highway 90 East intersects Louisiana Highway 182.
On the afternoon of May 19, 1977, Vickie Rulf Pierrotti (Vickie), was driving her father's (Heywood Rulf) 1968 Chevrolet on Highway 90. She was descending on the off ramp leading into the town of Berwick. No one was in the car with Vickie at the time as she traveled in the right hand lane of the two lane ramp. Associated Indemnity Corporation (Associated) provided both liability and uninsured motorist coverage to the Rulf vehicle. Allstate Insurance Company (Allstate) provided uninsured motorist coverage under a policy issued to Vickie's husband, James Donald Pierrotti.
Manuella N. Torres, driving her 1977 Buick Skylark, had left the town of Berwick proceeding in a westerly direction on Highway 182, a divided four lane highway. She turned left and proceeded in a southerly direction to enter the "on" ramp of Highway 90 going easterly to Morgan City. As she proceeded to cross Highway 90, she was struck on the right rear by the vehicle driven by Vickie. Mrs. Torres had no insurance coverage on her vehicle. Mrs. Ophelia Fuentes and Arthur Dwiggins were guest passengers in the Torres vehicle.
Vickie, Mrs. Fuentes, and Mrs. Torres all claimed to have been injured in the collision and have made their respective demands. The parties and their claims in suit ¶b 14,150 are outlined below whereas the parties and their demands in suit # 14,151 are discussed in a separate opinion rendered this day.
*681 Vickie and her husband, plaintiffs in suit # 14,150, seek to recover for the injuries sustained by Vickie in the collision. Named as defendants in their suit are Mrs. Torres, Associated, Allstate, and the State of Louisiana, through the Department of Transportation and Development (Department of Highways). Judgment was rendered against Allstate, but it has paid its portion and was released by the plaintiffs.
Mrs. Torres answered the petition asserting affirmatively that Vickie was contributorily negligent, that she had the last clear chance to avoid the accident, and that Mrs. Torres had preempted the intersection. She filed a reconventional demand against Pierrotti, Rulf, and Associated and she and the defendants in reconvention filed a third party demand against the Department of Highways claiming that the design, construction, and maintenance of the highway at this intersection caused or contributed to the accident.
The intersection in question had only been open for about a month's time. This was the first time Mrs. Torres traveled the road and she was somewhat confused as to which approach to take. There were no directional or regulatory (stop or yield) signs at the intersection when the collision occurred.
Mrs. Torres slowed and stopped at the intersection, she looked both ways but did not see Vickie on the off ramp and proceeded to cross the intersection. She knew that at uncontrolled intersections vehicles approaching from the right have the right of way.
Vickie saw the Torres vehicle coming to a stop. She then looked to her right at a vehicle stopping at the other corner of the intersection. She then saw the Torres vehicle entering the intersection and, although she applied her brakes, she struck the right rear of the Torres vehicle just as it was about to clear the intersection. Vickie testified that she was unable to move to her left to avoid the collision because there was a vehicle in the left lane of travel right behind her.
The trial court found that the accident occurred in the southwest quadrant of the intersection when the right front of the vehicle driven by Vickie struck the right rear side of the Torres vehicle. It also found that both drivers had unobstructed views of each other and that Mrs. Torres did stop and look at the intersection.
The court concluded that the failure of Mrs. Torres to see what she should have seen was negligence and the sole proximate cause of the accident. It also concluded that the State of Louisiana was negligent in failing to put regulatory signs at the intersection and in designing the intersection. Although it was found negligent, the State was absolved from liability because the court concluded that its negligence was not a proximate cause of the accident. No negligence was found on the part of Vickie Pierrotti.
Judgment was rendered on the Pierrottis' main demand against Associated as the uninsured motorist carrier of the Rulf vehicle (up to its policy limits), Mrs. Torres as the tortfeasor, and Allstate, the uninsured motorist carrier of James Pierrotti (up to its policy limits). James Pierrotti, on behalf of the community, was awarded $10,256.36 for special damages while Vickie, individually, was awarded $25,000.00. The third party demands of Associated and Allstate against Mrs. Torres were maintained. The court dismissed the reconventional demand of Mrs. Torres and all third party demands against the Department of Highways.
From this judgment, Associated and the Pierrottis have devolutively appealed. No appeal has been taken by Mrs. Torres, and therefore the judgment is final as to her.
The Pierrottis assign as error the ruling of the trial court that the negligence of the Department of Highways was not a proximate cause of the accident. In addition, they contend the court erred in limiting its award of damages to Vickie to the sum of $25,000.00.
Associated, as the uninsured motorist carrier, also contends that the trial court erred in its ruling that the negligence of the Department of Highways was not a proximate *682 cause of the accident. Associated further contends that the trial court erred in failing to find Vickie Pierrotti negligent and that this negligence was the sole or concurrent proximate cause of the accident.
The appellants' first argument is premised on the fact that the trial court found the Department of Highways negligent and the Department has failed to appeal this finding. They contend that this issue is therefore final. They aver it only needs to be shown, on appeal, that this negligence was the proximate cause of the accident for them to prevail.
This premise is not sound. We recognize the fact that the Department of Highways has failed to appeal or answer the appeal on this particular finding and speculate the reason is that it was a prevailing party at the trial level. A recent decision of the Supreme Court sheds some light on this matter. In Chester G. Bond, et ux. v. Commercial Union Assurance Co., et al., Docket No. 80-C-1965 (April 6, 1981), the Court addressed the problem of a party raising an overruled exception on appeal even though he has neither appealed nor answered the appeal. The Court concluded that:
"... C.C.P. arts. 2082 and 2133 were not designed to require a successful party to insure his judgment below by appealing every adverse ruling on an interlocutory order simply because the appellate court may overturn the trial court's final decision in his favor on the merits." Bond, supra.
The same rationale is applicable here. Since the Department of Highways received a favorable judgment at the trial level, there was no need to appeal a finding of fact and law by the trial court simply because such a finding could be reversed on appeal. We consider the finding of the trial court as to the negligence of the Department of Highways a viable issue presently susceptible to review by this court.
The trial court first found the Department of Highways negligent but then concluded that this negligence was not a proximate cause of the accident. Under the recent decisions of both the Supreme Court and the Courts of Appeal, the courts have used the duty/risk analysis instead of the proximate cause approach to determine the liability of a defendant. Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962); Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (1970); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Laird v. Travelers Insurance Company, 263 La. 199, 267 So.2d 714 (1972); Hebert v. Maryland Cas. Co., 366 So.2d 1044 (La.App. 1st Cir. 1978); Kane v. Braquet, 368 So.2d 1176 (La.App. 3rd Cir. 1979); Becnel v. St. John the Baptist Parish Police Jury, 364 So.2d 1074 (La.App. 4th Cir. 1978); See Malone, Ruminations on Dixie Drive It Yourself v. American Beverage Company, 20 La.L.Rev. 363 (1970); Robertson, Reason v. Rule in Louisiana Tort Law; Dialogues on Hill v. Lundin & Associates, Inc., 34 La.L.Rev. (1973); and Problems in the Application of Duty-Risk Analysis to Jury Trial in Louisiana, 39 La.L.Rev. 1079 (1979). We will refer to this analysis in this matter.
The first step is to determine whether the Department of Highways' omission of failing to place regulatory or directional signs was a cause in fact of the accident. (Under this analysis we determine the cause element first before reaching the conclusion that a defendant is negligent or not). For an omission to be a cause in fact of the accident it must be a substantial factor in bringing about the harm complained of. Dixie, supra; Laird, supra; Hebert, supra; and Becnel, supra.
The trial court's findings are helpful since this is a factual question. It found that Mrs. Torres did stop at the intersection even though there was no stop sign and that she knew that traffic on her right would have the right of way. This was the testimony of Mrs. Torres, and therefore this finding is adequately supported. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The stopping by Mrs. Torres at this intersection and her looking both ways was *683 what would have been required if a stop sign or yield sign had been in place. Confusion as to what ramp to take might have been a factor for the stopping. But since she did stop, looked both ways and failed to see Vickie descending on the ramp, Mrs. Torres' actions were the cause of the accident. The Department of Highways' omission did not result in bringing about this accident. Lawes v. State Farm Mut. Auto. Ins. Co., 387 So.2d 1200 (La.App. 1st Cir. 1980). We need not proceed in this analysis in regards to the Department of Highways since its actions did not cause the accident. Becnel, supra. (Compare Anding v. Southwestern Ins. Co., 358 So.2d 690 (La.App. 3rd Cir. 1978) where the Court found the omissions of the Highway Department to be a cause in fact of the accident and went on to determine if the Department of Highways had a duty and whether the duty was breached).
As to Associated's next assignment of error of failing to find Vickie Pierrotti negligent, appellant refers to the doctrine of last clear chance and preemption. We believe the doctrine of preemption needs to be reviewed in this case.
Highway 182 is a four lane highway with two lanes approaching the on ramp to Highway 90. Highway 90 is a two lane exit with vehicles traveling toward Berwick. Vickie was in the right lane of the two lane ramp while Mrs. Torres was in the left center lane on Highway 182. After stopping at the intersection, Mrs. Torres proceeded across the intersection and was struck before completing her maneuver.
The right front of Vickie's car collided with the right rear of the Torres vehicle. A picture of the Torres vehicle showed only that the extreme right rear was damaged along with the right rear taillight. The damage would be considered extremely light.
The investigating officer testified that when he arrived on the scene, the Torres vehicle was sticking out into the intersection a foot and a half to two feet. Vickie stated that the front wheels of the Torres vehicle were through the intersection when the collision occurred.
The testimony of Arthur Dwiggins, Mrs. Torres' son who was sitting in the back seat, is that Mrs. Torres had cleared the intersection when she was struck. He testified to a photo that depicted skid marks supposedly of the vehicle driven by Vickie which would have indicated that Vickie was on the shoulder of the road when the collision occurred.
The questionability of the photo comes to light when it is revealed that the picture was taken later in the afternoon the day of the accident. The investigating officer testified that he could not determine at the time of his investigation the skid marks of any car because the intersection was full of skid marks. We believe the trial court's finding that Mrs. Torres' vehicle was struck right before she cleared the intersection is correct.
We now must use this finding to determine if the doctrine of preemption is applicable. This doctrine emerges from the statute covering vehicles entering an uncontrolled intersection. Louisiana Revised Statutes 32:121(A) provides:
"A. When two vehicles approach or enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right."
In this instance, Mrs. Torres should have yielded to Vickie as she exited the off ramp from Mrs. Torres' right. Although the statute has placed a duty on Mrs. Torres, the Courts have also placed a nonstatutory duty on the other driver, with the so-called directional right of way.
In Zemo v. Louviere, 349 So.2d 420 (La.App. 4th Cir. 1977), the Court stated:
"Our courts have held the statutory provision quoted above (or a similar city ordinance) neither converts one of two streets of equal dignity into a superior one with an unqualified right of way, nor provides mechanical rules for determining liability after an accident merely because of the direction in which the vehicles *684 happened to be traveling at the time of the collision. A greater degree of care is imposed upon a driver with only a directional right of way than one with an unqualified right of way. Every driver who approaches an uncontrolled intersection with a street of equal dignity has some degree of duty, depending upon the circumstances, to proceed cautiously and determine before entering the intersection whether he can safely cross. A determination of fault in such a collision is made by examining the conduct of the motorists under all the circumstances and facts of each case, including consideration of the directional right of way.2" (Footnote omitted). Zemo supra, pp. 422 & 423.
Just because Mrs. Torres had entered the intersection before Vickie did, does not relieve Mrs. Torres of her liability under the doctrine of preemption. As was stated by the court in Abshire v. Southern Farm Bureau Cas. Ins., 346 So.2d 1354 (La.App. 3rd Cir. 1977):
"Before a motorist can successfully rely on the doctrine of preemption, he must show that he entered the intersection at a proper speed and sufficiently in advance of the car approaching from another direction to permit him to cross without requiring any emergency stop by the other vehicle. Entry into the intersection at the same time, or just a fraction of a second ahead of the other vehicle, does not constitute a preemption of the crossing. * * *" Abshire, supra, p. 1358. See also Funderburk v. Temple, 268 So.2d 689 (La.App. 1st Cir. 1972).
The facts of this case show that Mrs. Torres did not have sufficient time to cross the intersection. The only question left is whether Vickie violated her duty to proceed cautiously. We are to examine facts and circumstances to determine if there was any fault on Vickie's part.
The trial court found Vickie free of any negligence and now we examine the record to see if it supports such a finding. Arceneaux, supra. Vickie testified that as she proceeded down the ramp at a speed of 30-35, she saw Mrs. Torres stopping at the intersection. She blew her horn as a warning and had her foot on the brake. She then glanced to her right to check on a truck coming off the ramp from the bridge. When she looked back to her left, Mrs. Torres had entered the intersection. Vickie applied her brakes but could not avoid the collision. The appellant takes issue with the fact that she did not veer to her left. As Vickie explained it, there was a vehicle on the left side behind her. Although this was not corroborated by any other witness, it was not rebutted by the plaintiffs and the trial court must have believed Vickie's statement. We do not find the actions of Vickie Pierrotti to be below the standard imposed upon her, and we agree with the finding of the trial court that she was free of any negligence.
Since we have exonerated both the Department of Highways and Vickie Pierrotti of any liability, the judgment of the trial court against Associated Indemnity as the uninsured motorist carrier for the vehicle is affirmed.
The Pierrottis' last contention is that the award of $25,000.00 was deficient.
Vickie Pierrotti struck her right knee on the dashboard as a result of the collision. X-rays were taken several days after the accident and revealed a non-displaced fracture of the patella. She underwent four arthograms and two surgical procedures.
After the second surgery, plaintiff was relieved of 95% of the pain and had regained full motion of the knee except a five degree extensor lag. Overall, the plaintiff would have a 20% disability of the knee with no foreseeable complications. She has full range of motion with minimal discomfort and can return to work as a clerk, waitress or a housewife.
Much discretion is afforded trial courts in awarding damages. La.C.C. art. 1934 and Reck v. Stevens, 373 So.2d 498 (La.1979). We find the award to be within the very great discretion allowed the trial judge and affirm the award of $25,000.00 to Vickie Pierrotti as general damages.
*685 For the foregoing reasons, the judgment of the trial court is affirmed at Associated's costs.
AFFIRMED.
This suit has been consolidated with suit # 14,150. The factual setting of this suit and the legal opinion of this court are set forth in a separate opinion rendered this day.
Jose Fuentes, Jr. and Ophelia Fuentes filed this suit to recover the damages incurred by them as a result of an automobile accident on May 19, 1977. Mrs. Fuentes was riding as a passenger in a vehicle driven by Manuella N. Torres (Torres). They named as defendants, James Donald Pierrotti, Vickie Rulf Pierrotti (Vickie), the State of Louisiana, through the Department of Transportation and Development (Department of Highways), and Associated Indemnity Corporation (erroneously named in the original petition as Fireman's Fund).
The Pierrottis and Associated answered the petition claiming they were free of negligence and that the negligence of Torres and the Department of Highways caused the accident. The defendants also allege that any negligence on the part of Torres should be imputed to Ophelia Fuentes since they were on a joint mission. Finally, they filed a third party demand against Torres and the Department of Highways.
Torres answered the third party demand of the Pierrottis and Associated alleging that she had preempted the intersection and that Vickie had the last clear chance to avoid the accident. She also makes a claim against the Department of Highways.
The trial court dismissed with prejudice the Fuentes' suit against all of the defendants. They appeal that decision.
The Fuentes' first two specifications of error deal with the negligence of the State and the negligence of Vickie Pierrotti. Finding both of these parties free of negligence, for the reasons assigned in suit # 14,150 rendered this day, we need not consider the specification relating to damages. Since the only negligent party in this collision was Mrs. Torres, whom plaintiffs did not sue, plaintiffs are without recourse from any party sued.
The judgment of the trial court dismissing plaintiffs' suit is affirmed at their costs.
AFFIRMED.