424 So.2d 344 (1982)
Glen MURPHY, et al.
v.
LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 14825.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
Rehearing Denied January 14, 1983.
Hobart Pardue, Springfield, and Phillip Hagger, New Orleans, for plaintiffs Glen Murphy, E.L. Thornhill Clarence Everett and Roy Payne.
Paul Dué, Baton Rouge, for plaintiffs Elliot Watson, et al.
William J. Doran, Baton Rouge, for defendants Louisiana Dept. of Transp. and Development et al.
Before SHORTESS, SAVOIE and ELLIS, JJ.
SAVOIE, Judge.
Five cases were consolidated for trial (Numbers 14,822; 14,823; 14,824; 14,825; and 14,826). The Louisiana Department of Transportation and Development (Department) is the common defendant and appellant in each case, which stem from four different automobile accidents, three of which involved single vehicles. The same approximate location is involved also: Louisiana Highway 43 in Livingston Parish, approximately 3.4 miles north of its intersection with U.S. Highway 190. In all four accidents, southbound motorists left the roadway after failing to negotiate a curve. The curve was described as 400 feet long, turning through a delta angle of 20° to 30°, resulting in an estimated 5.9 degrees curve. The road is 20 feet wide with a 3 to 4 foot shoulder on each side. On the west side, the ditch is 12 to 14 feet from the road. On the east side, the ditch is flatter and its bank is about 22 feet off the road. The curve is not super-elevated and has an adverse crown[1] at its end.
*345 We dispose of these cases with separate opinions in order to promote a proper understanding of the factual situations surrounding each.
Defendant-appellant appeals the trial court's award of damages in tort. We affirm.
On the afternoon of June 16, 1977, plaintiff-appellee, Terry Murphy, was driving her 1975 Datsun south on La. Hwy. 43 in Livingston Parish. With her in the vehicle were her sister-in-law, Judy Murphy, and two children, Christina Murphy and Kimberly Anzalone. The trial court found the testimony of the Murphy sisters to show that as Terry Murphy was traveling south on La. Hwy. 43, a blue truck was approaching in her lane; that she moved to the right and applied her brakes; that the right wheels of her vehicle left the pavement, thus avoiding a collision with the on-coming truck; that she attempted to re-enter the paved roadway but was unable to do so; that she traveled an undetermined distance down the roadway before jerking the wheel "real hard" to get her car back on the road; that the vehicle "jumped back on the road" and threw her into her sister-in-law; and that at that moment, she lost control of the steering wheel, the car started spinning, went across the highway, and flipped over.
Louisiana State Police Trooper Herman A. Parker, the investigating officer, testified Terry Murphy related to him that as her car came out of the curve proceeding south, a blue pick-up truck was on her side of the road; that she ran off the roadway to her left to avoid a collision, and went into the ditch. Appellee, Terry Murphy, testified she did not talk to any police officer until after she had been taken to the hospital. Trooper Parker also testified he failed to investigate either side of the road or its shoulder to determine the path of the vehicle. Nor did he investigate the reason for the extensive damage to the vehicle.
Testimony also indicates that the Department had failed to erect any warning signs concerning the low shoulder despite a history of accidents in this spot.
Appellant lists the following specifications of error:
"I. The trial court erred in its finding that there was present on the roadway at the time of these accidents, a condition which was patently and obviously dangerous to a driver exercising ordinary care and reasonable prudence.
"II. The trial court erred in failing to find the drivers of the various vehicles guilty of negligent conduct which was the sole cause of these accidents, or in the alternative, from finding these drivers to be guilty of contributory negligence, or in the further alternative, for failure to find that the recovery of these plaintiffs was barred by "victim fault" or fault of a third party which would constitute an intervening cause of these accidents and would bar recovery under any doctrine of strict liability.
"III. The trial court erred in failing to reduce any award to the Watsons by its virile share based upon the settlement of the Watsons with Travelers Insurance Company and United States Fidelity & Guaranty Company, or in the alternative, erred in failing to grant credit to the Department of Transportation for amounts paid as a result of these settlements.
"IV. The trial court erred in awarding to plaintiffs an excessive amount of damages."
All rules of conduct are designed to protect some persons under some circumstances against some risks. Seldom does a rule protect every victim against every risk that can befall him, merely because it shows that the violation of the rule played a part in producing the injury.
The Department's general duties toward motorists on the highway are set forth in *346 Sinitiere v. Lavergne, 391 So.2d 821 (La. 1980), wherein our Supreme Court held as follows:
"It has been repeatedly stated that the Department is not a guarantor of the safety of travelers but, rather, owes a duty to keep the highways and its shoulders reasonably safe for non-negligent motorists. Liability based upon negligence is imposed when the Department is actually or constructively aware of the hazardous condition and fails to take corrective action within a reasonable time." Sinitiere, supra, p. 824-825. (Emphasis added).
Consequently, it is necessary that we carefully examine the facts in the present case to determine whether a legal duty is imposed upon the Department which protects against the particular risk involved. LeBlanc v. State of Louisiana and the Louisiana Department of Highways, 419 So.2d 853 (La., 1982).
Appellee proved that the highway at this location had a long history of accidents, dating back to 1974. They also proved that by March, 1976, an asphalt overlay of 1½ inches had been applied to the highway. Since that date, there had been no work on the shoulders to bring them flush with the roadway. Additionally, Hubert Stilley, a local resident, saw an accident in the general vicinity in the fall or summer of 1976. Upon investigation, he determined the shoulder to be a good bit lower than the roadway. He called the Highway Department office in Hammond to advise them of the dangerous condition which he felt warranted repair. These facts show by a clear preponderance of the evidence that the Department had actual notice of the highway's defective condition, but failed to take corrective action within a reasonable time. Thus, liability under negligence may attach.
It is well settled in Louisiana that for a plaintiff to recover in negligence, he must prove: (1) that the act complained of was a cause-in-fact of the accident, (2) that the defendant had a duty, either statutory or non-statutory, to protect this plaintiff against the cause of harm complained of, (3) that the defendant breached this duty to protect this plaintiff, and (4) that the plaintiff was harmed by this breach of the duty owed. Mathews v. Elder International, 400 So.2d 251 (La.App. 4th Cir.1981); Kane v. Braquet, 368 So.2d 1176 (La.App. 3rd Cir. 1979), writ denied, 369 So.2d 1366 (La.1979); also see generally Pierrotti v. Associated Indemnity Corp., 399 So.2d 679 (La.App. 1st Cir.1981).
In the instant case, the trial court found as a matter of fact, that the defect in the shoulder was the cause-in-fact of the accident. Great weight is given the findings of the trial court, and only where its findings are clearly wrong will they be reversed. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The Department has a duty to see that the highways are reasonably safe for persons exercising ordinary care and reasonable prudence. Sinitiere, supra; Smith v. State, Department of Transportation and Development, 412 So.2d 685 (La.App. 2d Cir.1982); Sibley v. Menard, 398 So.2d 590 (La.App. 1st Cir.1980), writ denied, 400 So.2d 211 (La.1981). Included within these duties of the Department is the maintenance of the shoulders of the highway in a reasonably safe condition. Rue v. State, Department of Highways, 372 So.2d 1197 (La.1979).
The scope of the Department's duty extends to protecting this motorist from this type of accident. Appellee is within the ambit of the Department's duty.
Appellees have shown by a preponderance of the evidence the Department breached its duty by not leveling the shoulder;[2] that in 1976 Hubert Stilley informed the Department the curve required maintenance of the low shoulders; that this curve had a history of accidents; and that no warning signs were present prior to the *347 curve to warn motorists of the deep dropoff. These facts substantiate appellees' claim that the Department breached its duty to maintain a safe roadway.
It is uncontested that appellees sustained injuries as a result of the accident. Therefore, the trial court found appellees had proven a prima facie case of negligence against the Department. We agree.
Appellant contends Terry Murphy's contributory negligence or fault bars any recovery. A motorist's duty of reasonable care includes the duty to keep his vehicle under control. Russo v. Guillory, 322 So.2d 233 (La.App. 4th Cir.1975), writ denied, 325 So.2d 608 (La.1976). Further, a motorist has a duty to maintain proper look-out for hazards and by using ordinary care and observation, he should be able to see and to avoid running into them. Southern Farm Bureau Casualty Ins. Co. v. Gay, 276 So.2d 893 (La.App. 1st Cir.1973). The Department's duty is not imposed to protect a motorist against known defects which one has reasonable opportunity to avoid. Sinitiere, supra; LeBlanc, supra.
In the instant case, the evidence indicates that appellee, Terry Murphy, was familiar with the highway, living only 1½ miles from the accident site; that she traveled this highway daily; that she was traveling 40-45 miles per hour; that as she entered the curve, a truck was coming toward her in her lane; that she hit her brakes and moved to the right; that the wheels of her car left the pavement and she avoided a collision with the on-coming truck; that she was uncertain of the distance she traveled after leaving the roadway; that she jerked the wheel "real hard" to get her car back on the road and was thrown into her sister-in-law; that she could not get back to the steering wheel; that her car started spinning and went across the highway, flipping over; and that she was knocked unconscious.
This court may not substitute its conclusion of fact for that of the trial court unless those conclusions are clearly erroneous. Abadie v. Morales, 391 So.2d 974 (La.App. 4th Cir.1980); Esta v. Dover Corp., 385 So.2d 439 (La.App. 1st Cir.1980), writ refused, 392 So.2d 690 (La.1980). And only if the trial court is clearly wrong will their decision be reversed. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Under these facts and circumstances outlined above, we cannot say that the trial court was clearly wrong in concluding that appellee was free of negligence. This conclusion will not be disturbed on appeal.
Appellee, Judy Murphy, sustained neck and back injuries with a hematoma on the back of her head. For these injuries and her two-day hospital stay, the court awarded $3,000.00. Appellee, Terry Murphy, suffered trauma that caused numbness on the left side of her face, blurred vision, and a shoulder injury. Due to these injuries, she lost six (6) months employment. The court awarded her $3,000.00 for her pain and suffering and $4,420.00 for lost wages.
The Department argues that the trial court erred in awarding appellees excessive damages, but has failed in its brief or in argument to specify any reason to justify a reduction in the award. Our examination of the record indicates that while the award is somewhat generous, it does not abuse the great discretion afforded the trial court. Reck v. Stevens, 373 So.2d 498 (La.1979).
For the reasons set forth above, judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
SHORTESS, Judge, dissenting.
I respectfully dissent.
The trial court was clearly wrong in finding for plaintiffs, because they failed to carry their burden of proof by showing that a defect in this highway was a substantial cause of this accident. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The burden of proof is upon the plaintiff to prove every essential element of his case by a preponderance of the evidence. In an action based on negligence, plaintiff must show that defendant's negligence was a cause in fact of the injuries sustained. In *348 an action based on La.C.C. art. 2317, plaintiff has the burden of proving that the shoulder of the highway posed such a danger that it was a vice or defect in the highway and also a substantial cause of the accident. Here, plaintiffs failed to prove that the defect in the highway on the date of the accident was a substantial cause thereof.
Plaintiffs' version was contradicted by the only independent witness, Trooper Herman Parker, who investigated the accident. Parker testified that Terry Murphy told him at the hospital right after the accident that as her car came out of the curve, proceeding south, a blue pickup truck was on her side of the road; that she steered to her left, ran off the roadway, went in the ditch and apparently hit a dirt bank. He made no specific reference to shoulders and did not examine them, as Terry Murphy had not mentioned such in her original explanation to him of the accident. He testified that she did not go off the road to the right, but to her left; that she steered to the left into the northbound lane and onto the opposite shoulder to miss the vehicle which was in her lane. His investigation of the accident was consistent with Terry Murphy's original explanation, and was in striking contrast to her testimony at trial. Additionally, Parker stated that Terry Murphy had complained of no road condition which had caused her to take the action she took.
At trial, Terry Murphy could not describe the defect or the condition of the shoulder on the date of the accident. Her testimony was limited to feeling a drop-off when she left the road. Her testimony was only corroborated by the testimony of her sister-inlaw, the passenger in her car, and co-plaintiff in the suit.
Under these facts and circumstances, plaintiffs have failed to carry their burden of proof by a preponderance of the evidence.
Accordingly, I dissent.
NOTES
[1] An adverse crown is present when the road slopes in the same direction as the centrifugal force. The centrifugal force, therefore, assists rather than opposes the force. In this case, the force created by the vehicle going through this curve would tend to throw the vehicle outward, and the adverse crown would tend to increase the outward force.
[2] It is to be noted that the shoulder's drop-off was accentuated by the Department's asphalt overlaying operation in 1975-76.