499 So.2d 1079 (1986)
Mrs. John HEBERT, Natural Tutrix of Minor Child, Kelly Elizabeth Hebert, Plaintiff-Appellant,
v.
BELK CONSTRUCTION COMPANY, INC., et al, Defendant-Appellee.
No. 85-1063.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
Writ Denied December 5, 1986.
Scofield, Bergstedt, J. Michael Veron, Lake Charles, for plaintiff-appellant.
Onebane & Assoc., James D. Diaz, Jr., Lafayette, John F. Craton, Crowley, for defendant-appellee.
Before FORET, STOKER and KING, JJ.
STOKER, Judge.
Mrs. John Hebert appeals the dismissal of her action against Belk Construction Company for the wrongful death of her husband.
John Hebert was a thirty year old employee of Mid-South Grain Company in Mermentau, Louisiana. His primary position apparently was that of office manager, but on February 24, 1981, he entered a storage bin with three co-workers in an attempt to remedy a crustation problem that had blocked the flow of soybeans out of the bin. The men stood on 15 to 18 feet of loose beans with no safety equipment, and ran the conveyors below the bin while agitating the beans with an auger. Their efforts were successful, but when the clog broke loose, Hebert was sucked under the soybeans, and was suffocated.
Hebert's widow, on behalf of herself and the couple's infant daughter, sued Belk Construction Company, Inc., the firm that had constructed the grain storage facility, and Hunter Manufacturing Company, the fabricator of equipment installed at the facility. Mrs. Hebert also named the insurers of those defendants. A summary judgment was granted in favor of Hunter, as the equipment supplied by it had been replaced prior to the accident. That judgment was not appealed, and is now final.
Belk Construction Company and its insurer filed a third party demand against S.F. Kennedy New Products, Inc., the manufacturer of the bins, and Robert LaPresto, a local contractor hired by Belk to assemble the components at the facility. New *1080 Products, which was bankrupt at the time of the trial, was dismissed from the suit.
At the close of the evidence, the trial judge granted a directed verdict in favor of LaPresto, and dismissed the third party demand against him. The jury, by a 9-3 verdict, found that there was no fault or negligence on the part of Belk Construction, Inc. that was the legal cause of the accident. Mrs. Hebert appeals the jury verdict. Belk has filed a protective appeal, asking that if we reverse the jury's verdict, we also reverse the dismissal of its third party demand against LaPresto.
The thrust of the appellant's argument is that Belk violated a duty under LSA-R.S. 37:698 to have its work in constructing the Mid-South facility supervised by a registered professional engineer. No engineering evaluation was sought of Belk's drawings. For civil liability to be based on a violation of a statutory duty, that violation must be the cause in fact of the plaintiff's injury. Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962); Conner v. Florida Farm Bureau Cas. Ins., 446 So.2d 383 (La.App.3d Cir.1984); Coleman v. Douglas Public Service, Inc., 423 So.2d 1205 (La.App. 4th Cir.1982), writ denied, 429 So.2d 153 (La.1983).
There was much testimony concerning the extent of Belk's involvement in the engineering of the facility. Belk selected components and arranged them into a system according to the needs of its customers. The manufacturers' specifications, which were stamped by an engineer, were used in meshing the components. We pretermit any discussion as to whether Belk had a duty under the above-cited provisions to obtain the stamp of a registered professional engineer. We feel that the jury's verdict is supported by the evidence showing that nothing in Belk's design caused the accident in which John Hebert lost his life.
The appellant points to two major design deficiencies in the Belk layout that would have been corrected by a professional engineer. Her expert stated that flat-bottom grain storage bins, like those installed by Belk at Mid-South, are inherently dangerous. He would have recommended only hopper-bottom bins. The other witnesses contradicted this contention. A large number, if not a majority of grain storage bins, have flat bottoms. The great advantage of the hopper-bottom bin is its ease of unloading, while the flat-bottom bin is cheaper. While the appellant's expert lauded the safety of the hopper-bottom bins, all of the other witnesses, including two experts, stated that problems with crustation arise in either kind of bin, and in neither kind is it advisable for workers to enter the bin to break up the grain.
The appellant also argues that Belk should have provided temperature and moisture sensors in the bins to detect clumping and crustation at an early stage. Mid-South had never experienced a major crustation problem before the accident, and has not had trouble since. The clumping was apparently the result of an incident a few weeks before the accident in which the roof was blown off the bin, and rain saturated the beans. The suggested safety devices were a means of detecting the problem, not a means of solving it, and the jury could easily have concluded that the presence of sensors would not have altered the course of events.
The record contains ample evidence that John Hebert died as a result of a disregard of several safety precautions. There was a great debate as to whether a safety rope tied to a ladder on the side of the bin would have served any purpose once Hebert was submerged. However, all of the witnesses agreed that the running of the conveyor equipment while the four workers stood on the loose beans posed a tremendous risk.
Since the evidence supports the conclusion that Hebert's death was not a result of an improper layout, we affirm the dismissal of the action against Belk. We need not discuss issues of contributory negligence and assumption of the risk, as they would presuppose fault on the part of Belk.
*1081 The appellant complains that the trial judge erred in not granting a directed verdict against Belk based on the alleged violation of LSA-R.S. 37:698, and in not giving the jury proper instructions as to Belk's duty under that statute.
The grant or denial of a directed verdict is within the discretion of the trial court. Vallery v. All American Life Ins. Co., 429 So.2d 513 (La.App.3d Cir.1983), modified on other grounds, 434 So.2d 1100 (La.1983). Questions existed in this case as to whether the statute had been violated and whether any violation was a causal factor in the accident. We find no abuse of discretion by the judge in denying a directed verdict.
The judge read the applicable portion of LSA-R.S. 37:698 to the jury, and explained the significance of the violation of a statutory duty. The jury later asked that the judge repeat the instruction. While the legal concepts are no doubt somewhat difficult for laymen to grasp, we feel that the judge presented them in a clear and impartial manner.
Finally, the appellant contends that the trial judge erred in allowing James Roger Craddock to qualify as an expert in the engineering of vessels and structures containing fluids or grains. The decision to qualify a witness as an expert is in the discretion of the trial judge and will not be disturbed absent abuse. Bateman v. Power Rig Rental Tool Co., 453 So.2d 998 (La.App.3d Cir.1984). Mr. Craddock was a consulting engineer with a degree in civil engineering who had been involved in the failure analysis of grain storage facilities on several occasions. We find no abuse of discretion in this qualification. The credibility of his testimony as against that of the plaintiff's expert, who was perhaps more qualified, was a matter for the jury to weigh. In addition, much of Mr. Craddock's testimony was cumulative, reiterating that of the defendant's other expert, whose credentials were evidently acceptable to the plaintiff.
For the foregoing reasons, we affirm the verdict of the jury, and the judgment dismissing Mrs. Hebert's actions against Belk Construction Company and its insurer, Commercial Union Insurance Company. Costs of this appeal are assessed against Mrs. Hebert.
AFFIRMED.