343 So.2d 758 (1977)
STATE FARM MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY, Defendant-Appellee.
No. 5833.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1977.
*759 Gist, Methvin & Trimble, Alonzo P. Wilson, Alexandria, for plaintiff-appellant.
Polk, Foote, Randolph, Percy & Ledbetter by William P. Polk, Alexandria, for defendant-appellee.
Before HOOD, GUIDRY and FORET, JJ.
FORET, Judge.
This case involves a suit by State Farm Mutual Insurance Company (hereinafter called State Farm), the liability insurer of a vehicle which Louis Wayne Johnson (hereinafter called Johnson) drove which was involved in a collision at the intersection of Masonic Drive and Yale Street in the City of Alexandria, on September 26, 1975. From judgment rendered in favor of defendant, plaintiff appeals. We affirm.
Prior to the accident in question, South Central Bell parked three motor vehicles facing west in the middle of the lanes of Masonic Drive. (Masonic is a four-lane, divided street within the city limits of the City of Alexandria.) In the rear of such vehicles, safety cones had been placed. Some of defendant's employees were working beneath Masonic Drive at that particular location. Such employees descended through manholes located nearby and ventilation and light, etc. were supplied to them through hoses and other apparatus in the trucks.
On the date of the accident, Carolyn Melder traveled westerly along Masonic Drive. Johnson, a fifteen-year-old, with the permission of his father, drove the latter's vehicle on Masonic Drive in an easterly direction. At the intersection of Masonic Drive and Yale Street, Johnson, fully cognizant of the fact that the South Central Bell trucks obscured his vision of vehicles approaching the intersection from the east, stopped and turned his auto to the left to make a turn. In the west-bound traffic lane of Masonic Drive a collision occurred between the two vehicles.
A compromise settlement was reached between State Farm, the insurer of the Johnson vehicle, and the Melders, whereby State Farm paid $5,025.87 to the Melders, and in consideration therefor obtained a receipt, release and assignment of rights by which the Melders assigned all of their rights against South Central Bell Telephone Company to State Farm. State Farm has filed suit for the $5,025.87 as the assignee of the Melders, and alternatively contending that at least the telephone company's negligence contributed to the accident, and that therefore State Farm is entitled to recover onehalf of what it paid, i. e. $2,512.93. At argument in this Court, counsel for State Farm conceded that its insured, Louis Wayne Johnson, was at least contributorily negligent and that therefore State Farm is really relegated to the amount of $2,512.93, which represents one-half of the amount paid to the Melders.

WHAT WAS SOUTHERN BELL'S DUTY TO THE MELDERS?
In accordance with the recent Louisiana Supreme Court jurisprudence (Shelton v. Aetna Cas. & Surety Co., 334 So.2d 406 (La.1976); Pierre v. Allstate Ins. Co., 257 La. 471, 242 So.2d 821 (1970); Dixie Drive-It-Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962)), we shall limit our review of this case to the duty-risk doctrine. In order for a plaintiff to be successful in such a case as this, he must prove by a preponderance of the evidence, that defendant's conduct was a cause-in-fact of the accident; that there was a duty imposed upon defendant under the circumstances of the case; that the risk of the particular injury which plaintiff suffered was within the scope of the protection of that duty; that defendant breached that duty; and that such breach of duty requires a response in damages.
A cause-in-fact is a substantial factor in the chain of events culminating in an accident. It is a "necessary antecedent". Without it the accident would not have taken place. If the accident would have *760 occurred, regardless of such cause, such cause is not a cause-in-fact. Dixie Drive-It-Yourself System v. American Beverage Co., supra.
At the outset, it is very questionable as to whether the parking of defendant's vehicles in the street was a cause-in-fact of the collision which resulted. However, the question arises: Was such conduct a substantial factor? We think not. The defendant's vehicles had remained in their parked position for some time. Johnson had observed them prior to the time that he came to the intersection where he stopped and then turned left. Alternatives remained open to him: he could have gone straight and turned left at another intersection some 250 feet away; his passenger could have disembarked and viewed the oncoming traffic situation; he could have gone straight ahead. Even though his vision was obstructed, Johnson steadfastly chose the wrong alternativehe made a left turn blindly and recklessly into the path of an oncoming car.
". . . I couldn't see anything . . I waited there over a minute, maybe more, and when I left, I inched out a little bit to see and I still couldn't see maybe but ten feet past, so I decided to just go ahead and that's when I looked to my right and there was the car coming at me . . ." (Tr. pg. 49)
It is true that one who stops his motor vehicle in the paved portion of a street or highway owes the duty to warn approaching motorists of a stationary vehicle upon the highway or street. He must take whatever precautionary measures are necessary to so warn. The risk of injury to be prevented is that of an oncoming motorist, who, for lack of caution, confusion, inattentiveness or other similar reason collides with the stationary motor vehicle or with other vehicles which had previously stopped because of the stationary vehicle. Pierre v. Allstate Insurance Co., supra; Dixie Drive-It-Yourself System v. American Beverage Co., supra.
It should be noted that in Pierre and Dixie the stationary vehicle blocked all or part of a traffic lane and the accidents involved occurred because of this lane blockage, and other causes, such as failure to put out flares, etc. Simply stated, these cases involved clear showings of negligence on the part of the stationary vehicle, which negligence was a cause-in-fact of the accident.
The ultimate issue in this case is whether or not South Central Bell owed Mrs. Melder a duty to protect her against a left-turning motorist who turns blindly and recklessly into her lane of traffic. We think that there was no such duty. Defendant had placed its trucks in the particular position in which they were through the necessity of furnishing lifelines and equipment to its personnel working in underground facilities. There is no evidence in the record that defendant was in violation of any State statute or ordinance of the City of Alexandria. Defendant had obtained permission from the Police Department of the City of Alexandria to park its trucks in the manner in which it did. East and westbound traffic was not unduly impeded by the parking of the said trucks, and indeed, the only danger created by the parking of the trucks was the obstruction of view of east-bound traffic wishing to make a left turn onto Yale Street.
We are of the opinion that no more danger was created by defendant than would have been created (hypothetically speaking) by a large van-type truck headed in a westerly direction and desiring to make a left turn, at the same intersection, stopped to let oncoming traffic clear, in the same position as defendant's trucks, obstructing the view of east-bound motorists desiring to make a left turn onto Yale Street, and then the said east-bound left-turning motorist making a blind turn into the west-bound lane just as happened in this particular case. Could it then be said that the truck so stopped to make a left turn owed a duty to west-bound traffic guarding against the risk of an east-bound left-turning vehicle turning blindly and recklessly onto the west-bound traffic lane? We think that *761 under no rule of law could the left-turning west-bound truck be held to owe such a duty to other west-bound traffic following behind it. To hold otherwise would be to make an insurer of a stopped or parked vehicle which blocks the view of another vehicle.
Accordingly, the judgment of the trial court dismissing plaintiff's suit is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.
GUIDRY, J., concurs and assigns written reasons.
GUIDRY, Judge, concurring.
I do not agree that the action of the telephone company was not a cause-in-fact of the collision. However, finding that the risk of the particular injury sustained by plaintiff's assignor was not within the scope of the duty imposed on the telephone company, I concur in the result.