MARVIN, Judge.
In an action for the wrongful death of the plaintiff’s husband in a Shreveport automobile accident, the lower court rejected the demands of plaintiff and the collision insurer of her late husband’s automobile for amounts paid under its insurance policy. The sole issue is whether the decedent was contributorily negligent in colliding with a parked truck. We affirm.
The accident occurred after dark about 6:00 p. m. on a winter evening. Defendant’s truck stalled shortly before the accident at the intersection of Grimmett Drive and Thomas Street and was left parked in the westernmost (or outside curb lane) of the two southbound lanes of Grim-mett. The lower court found that the lights of the truck were not illuminated when the accident occurred. Defendant’s driver made no attempt to warn other southbound traffic of the parked truck, but left it unattended. Under these circumstances, defendant’s driver breached his duty to warn approaching motorists of the parked truck. State Farm Mutual Ins. Co. v. South Cent. Bell, 343 So.2d 758 (La.App. 3d Cir. 1977).
At least two southbound vehicles in decedent’s lane of travel avoided the truck before the decedent’s fatal collision. The testimony conflicted as to the distance from which and extent to which the parked truck could be observed under the lighting afforded by the decedent’s automobile and by the several streetlights and other lights in the area. Also, we are not shown any circumstances from which we can reasonably infer that the decedent driver was momentarily confused or distracted and unable to timely react to the obstruction.
*945 There is credible evidence to support the lower court’s conclusion that the decedent should have seen the parked truck in sufficient time to have avoided the collision.
At appellant’s cost, judgment is
AFFIRMED.