356 So.2d 445 (1977)
Vera Dean CARTER
v.
Frank ALEXIS et al.
No. 11562.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
Edward Walters, Jr., Baton Rouge, of counsel for plaintiff-appellant, Vera Dean Carter.
Richard B. Nevils, Baton Rouge, of counsel for defendant-appellee, Frank Alexis, et al.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
Plaintiff (Appellant) appeals from judgment dismissing her claim for personal injuries sustained when riding as guest passenger in an automobile involved in an intersectional collision. Appellant's host driver was John Alexander, Jr., whose vehicle was struck by a car driven by Frank Alexis, owned by Alexis' brother Wayne Alexis and insured by American International Insurance Company (American). The Alexis brothers and American are named defendants. The trial court found Frank Alexis free of negligence contributing to the accident despite evidence of his having an alcoholic blood content in excess of the legal limit, and also found that Alexis did not have the last clear chance to avoid the accident. We affirm.
The accident occurred at approximately 11:00 P.M. December 6, 1975, at the intersection of Fairchild Avenue (an east-west street) and U. S. Highway 61, Scenic Highway (Scenic), a superior four lane highway. *446 The north and southbound lanes of Scenic are separated by a raised median not crossed easily by an automobile. Alexander was proceeding west on Fairchild; Alexis was traveling north in the inside northbound lane of Scenic. When Alexander reached the intersection he encountered a stalled vehicle parked at the curb on Fairchild at the junction. He went around the parked vehicle, stopped at the intersection in obedience to a stop sign, looked in both directions, did not see a vehicle approaching from either direction, and proceeded into the intersection intending to make a left turn and travel south on Scenic. He did not see the Alexis vehicle prior to impact. As he was turning left in the break in the median at the crossing, and was partly in the inside northbound lane of Scenic, his vehicle was struck on its left side by the Alexis vehicle.
The Alexis vehicle left 93 feet of skid marks all in the inside northbound lane of Scenic, prior to the point of impact. After the impact, Alexis' automobile traveled 21 feet; the Alexander car spun a distance of about 50 feet.
The lawful speed limit in the area was 40 miles per hour. Alexis testified he was traveling at about 40 miles per hour when he noted the other vehicle entering the intersection. He applied his brakes, but could not avoid the collision. He conceded he did not attempt to swerve his car.
Appellant contended below, and reurges here, that Alexis was driving with his lights off; that he was intoxicated to the extent his driving ability was impaired; and that he failed to take the last clear chance of avoiding the accident by not swerving his vehicle in the time and space intervening when he applied his brakes and the occurrence of impact.
The testimony concerning lights is conflicting. Appellant and her host testified they saw no lights and that Alexis was driving without lights. Alexis maintained his lights were burning.
At about 1:00 P.M. on the day of the accident, the Alexis brothers and a cousin purchased a fifth of scotch whisky, preparatory to embarking on a shopping expedition. At approximately 5:30 P.M., they had consumed approximately one-half of the whisky and decided to get something to eat before Wayne Alexis reported for work that night. Frank Alexis partook of a cheeseburger, french fries and a coca cola, following which he consumed the remainder of a drink he started before his meal. Alexis testified that after this, he did not drink any more alcohol and that in all, during the afternoon, he had consumed two or three drinks. He maintained that after eating, the remaining half-bottle of whisky was left in his brother's car where it was at the time of the accident. He conceded being a "little high" but denied he was intoxicated. At 9:30 P.M. Frank Alexis dropped his brother off at work and then proceeded to Baton Rouge approximately 50 miles distant. He was en route to this destination, Southern University, at the time of the accident.
The investigating officer noted a moderate odor of alcohol on Frank Alexis at the scene. He also noted a slight impairment of speech. At his request, Alexis voluntarily took a breath test which resulted in a reading of 0.139 blood alcohol content, the legal limit being 0.10. La.R.S. 32:662. He also requested that Alexis take a field sobriety test, to which Alexis readily consented. During the test Alexis was most cooperative. The test consisted of walking and turning, walking heel to toe, finger to nose and balance test. The officer noted that Alexis did well on all tests except the turning test on which he exhibited a slight degree of unsteadiness. Alexis was issued a ticket for driving while intoxicated.
The trial court concluded that Alexis was driving with his lights on and that Alexander negligently entered the intersection when Alexis was so near it was impossible for even a sober driver to avoid a collision. He also found Alexis did not have the last clear chance to avoid the accident because the median prevented Alexis from swerving to the left and that Alexis' failure to swerve to the right following application of his brakes was not a want of care on Alexis' part under the circumstance.
*447 Appellant attacks the factual findings of the trial court on the grounds that the alcoholic content of Alexis' blood belies his testimony concerning the amount of alcohol consumed, therefore Alexis' testimony should be rejected in toto. Appellant also contends the physical facts do not support the trial court's findings that Alexis was traveling only 40 miles per hour; that the amount of alcohol consumed did not impair Alexis' driving ability; and that Alexis did not have the last clear chance to avoid the accident.
In support of these contentions, Appellant cites and relies upon Prestenbach v. Sentry Insurance Company, 340 So.2d 1331 (La.1976); Thibodeaux v. Lock Clinic, 303 So.2d 570 (La.App. 4th Cir. 1974); and Travelers Indemnity Company v. Ben, 269 So.2d 553 (La.App. 1st Cir. 1972).
Whether intoxication is a contributing cause of an accident must be determined in the light of the circumstances of each particular case. The mere showing that one has imbibed alcohol prior to involvement in an automobile accident does not per se establish negligence contributing to the accident. Sedotal v. Gaspard, 207 So.2d 849 (La.App. 1st Cir. 1968); Bodan v. American Employers' Insurance Company, 160 So.2d 410 (La.App. 2d Cir. 1964).
In this instance, the trial court expressly found that a driver who had imbibed no alcohol whatsoever could not have avoided the accident because Appellant pulled onto the favored highway when it was patently unsafe to do so. In short, the trial court held that Alexis' alcoholic consumption did not contribute to the accident. We find no manifest error in this conclusion. On the contrary, we find this determination supported by the evidence. Accordingly, we affirm this finding. Canter v. Koehring Company, 283 So.2d 716 (La. 1973).
We also find no error whatsoever in the trial court's holding that Alexis did not fail to take advantage of the last clear chance to avoid the accident by swerving his vehicle during the interval between application of his brakes and the occurrence of the impact. As noted above, Alexis could not have veered to his left because of the median present. He acted as a reasonably prudent individual in applying his brakes in an effort to avoid a vehicle that was invading his lane of travel. Once his car began to skid after application of brakes, his degree of control was considerably lessened and his ability to veer to the right considerably reduced. Failing to veer to the right, under the circumstances does not establish his failure to exercise a last clear chance to avoid the accident.
The judgment is affirmed at Appellant's cost.
Affirmed.