DOUCET, Judge.
This case was consolidated for trial and appeal with Numbers 6831, 368 So.2d 474 and 6832, 368 So.2d 475, on the docket of this Court. The issue is the same in these three cases and will be discussed herein, although separate opinions in each case are being rendered on this day.
This is an action for the recovery of damages for the wrongful death of James R. Henry and for personal injuries allegedly sustained by the defendant, Richard R. Bel-gard, arising out of an automobile accident involving vehicles driven by these two individuals. The central issue raised on appeal is whether the trial court erred in holding that James Henry was at fault and therefore dismissing plaintiff’s wrongful death action and awarding recovery to the defendant.
At approximately 1:00 A.M. on the morning of November 21, 1974, an automobile driven by James Henry collided with the defendant’s vehicle at the intersection of Jackson and Fourth Streets in Alexandria, Louisiana. James Henry had been proceeding in a westerly direction on Jackson Street and Richard Belgard was driving north on Fourth Street. James Henry was killed by the resulting force of the collision.
The evidence introduced at trial revealed that this intersection was controlled by a semaphore traffic light that runs through a sixty-second cycle. It flashes green on Fourth Street for thirty seconds and then turns amber for three seconds before turning red.
The only witness to give testimony in evidence in this case was the defendant. Although Mr. Belgard had one passenger in his vehicle, the facts indicated that he did not observe the road at the time of the accident.
The defendant stated that he had turned onto Fourth Street from Monroe Street, several blocks below the intersection with Jackson. Mr. Belgard testified that after turning onto Fourth Street he proceeded towards Jackson Street and that he had the green light at some point prior to reaching it. According to his testimony, the light remained green and never changed. Despite extensive cross-examination, the defendant stated that he could not remember how close he was to Jackson Street when he first noticed that the light was green.
Mr. Belgard was ticketed at the scene of the accident for Driving While Intoxicated and readily admitted on the stand that he had had “a couple of beers” prior to the accident. The investigating officer, R. V. Guidry, stated that the defendant “smelled of alcohol”, however, the record does not reflect what percentage of alcohol was contained in the defendant’s blood system at the time of the test. Officer Guidry did not provide any evidence as to the positioning of the light at the time of the accident.
Based upon an analysis of the above evidence, the trial judge concluded that “ . . . the Court is bound by the testimony of Mr. Belgard and must hold that he had the green light.” Consequently, the *474 court found the decedent to be at fault and accordingly dismissed the claim of his survivors. The trial court awarded the defendant $250 for his personal injuries and an additional $2,660.16 in property damage. Plaintiffs now appeal from this judgment.
In order for a plaintiff to be successful in a case arising from an automobile accident, he must prove by a preponderance of the evidence that the defendant’s conduct was a cause-in-fact of the accident. State Farm Mutual Insurance Co. v. South Central Bell, 343 So.2d 758 (La.App. 3rd Cir. 1977).
The mere showing that a motorist has imbibed alcohol prior to involvement in an automobile accident does not per se establish negligence contributing to the accident. Whether intoxication is a contributing cause of the accident must be determined in the light of the circumstances of each particular case. Carter v. Alexis, 356 So.2d 445 (La.App. 1st Cir. 1977).
In this action, the trial judge was in the best position to examine the credibility of the witnesses and to weigh the totality of the evidence. Although there is a legal presumption that no one intentionally exposes himself to a known danger, this is a rebuttable presumption and the trial court was of the opinion here that the defendant’s evidence outweighed that offered by the plaintiff. Clearly, this was a factual determination by the trial court which this court will not reverse in the absence of manifest error. As the record offers ample support for the trial judge’s determination, this court upholds the trial court’s dismissal of the plaintiff’s claim and the award made to the defendant.
For the above and foregoing reasons, the action of the trial court is maintained and all costs of this appeal are assessed against the plaintiff-appellant.

AFFIRMED.