CARTER, Judge.
This is a personal injury suit. Plaintiff, Lionel Smith, appeals the judgment of the trial court in favor of defendants, Lewis Crane Rentals, Inc. and Louisiana Power & Light Company.
Lionel Smith filed suit in the Civil District Court for the Parish of Orleans on December 18, 1978. The case was transferred to the Thirty-Second Judicial District Court for the Parish of Terrebonne. Original defendants were Lewis Crane Rentals, Inc., Louisiana Power & Light Company, Aetna Life & Casualty Co., Intracoastal Truck Lines, Inc., and Southern Pacific Transportation Company. Defendants Aet-na Life & Casualty Co., Intracoastal Truck Lines, Inc. and Southern Pacific Transportation Company were dismissed on motions for summary judgment, and these judgments are now final and not on appeal.
FACTS •
Lionel Smith was employed by Intracoas-tal Truck Lines as a pipe handler at the Intracoastal pipeyard in Amelia, Louisiana. Lewis Crane Rentals, Inc. was the owner of a crane rented by Intracoastal which was in use in the pipeyard on the date of the accident. Southern Pacific Transport Company allegedly owned the railroad cars in the yard the day of the accident. Louisiana Power & Light Company (LP&L) was installing poles in the yard.
Plaintiff Smith was unloading pipe from railway cars on the date of the accident. At all times, he was under the direct supervision of the Intraeoastal foreman, Russell Fontenot. Fontenot also had direct supervision over the crane rented from Lewis *699 Crane Rentals, Inc. and the crane operator, Ronnie Lestage, an employee of Lewis Crane Rentals, Inc.
On the day of the accident, it became necessary to move a particular railway car to facilitate the installation of a pole by the LP&L crew. Fontenot, foreman of Intra-coastal, requested a switch engine located in the yard to move the railway car, but after some delay, he decided not to wait for the switch engine. Fontenot instructed his crew to use a sling to hook the railway car to the bumper of the crane and then directed Lestage to begin pulling the car. When the car had been pulled to the desired location, Fontenot signalled Smith to “chock” the wheels of the car. This is a method of stopping the movement of the railway car by throwing a board under its wheels. This rather unorthodox method of stopping a moving railway car had been used on prior occasions without accident. When Smith threw the board under the wheels of the car, the board snapped back, and one end hit him in the head and neck area, causing the injuries complained of.
The trial court found the following:
“Testimony at the time of the trial indicates that on the date of the accident the plaintiff was under the direct supervision of his employer, Intracoastal Truck Lines. He received no directions from either the Lewis Crane employee operating the crane or from any member of the Louisiana Power & Light crew. Testimony also indicates that the crane was operated in a slow and safe manner by the Lewis Crane employee and neither the testimony nor any other evidence submitted substantiates any allegation of negligence on the part of the Defendant, Lewis Crane Rentals, Inc. Therefore, the Defendant, Lewis Crane Rentals, Inc. cannot be construed to have breached any duty owed to the Plaintiff. No causation was shown whereby this Defendant is responsible for any damages which may have been sustained by the Plaintiff.
As regards the Defendant, Louisiana Power & Light Company, in the absence of any showing the Plaintiff received direction or supervision from the Louisiana Power & Light employees present at the time of the accident, it is impossible to conclude that the accident was the result of any negligence on their part.”
SPECIFICATIONS OF ERROR
1. The District Court erred when it failed to allow plaintiff to present argument and evidence of a tortious joint venture on the part of the defendants, Lewis Crane and LP&L with Intracoastal.
2. The District Court erred when it failed to find evidence of negligence on the part of the defendant Lewis Crane and that Lewis Crane had not breached a duty of safety which it owed the plaintiff.
3. The District Court erred when it failed to find LP&L owed the plaintiff a duty of safety, which it breached, simply because the plaintiff received no direct orders from any LP&L personnel.
4. The District Court erred when it failed to find Lewis Crane and/or LP&L were joint tortfeasors with Intracoastal in the cause of plaintiffs injuries.
SPECIFICATION OF ERROR NO. 1
Plaintiff argues that he should have been allowed to present argument and evidence that defendants were involved in a tortious joint venture with Intracoastal in the erection and pole “setting” activities which both surrounded and precipitated plaintiff’s accident and injuries. The plaintiff urges this court to find from the facts of this case that defendants Lewis Crane Rentals, Inc. and LP&L were engaged in a tortious joint venture with Intracoastal in the ultra-hazardous activity of erecting an 80 foot utility pole with an untrained, unsupervised mixture of work crews and no clear delineation of supervision over the crews.
Whatever the arrangement may have been regarding the installation of the poles, the movement of railway cars for whatever purpose within the pipeyard, was under the direct supervision of Intracoastal foreman, Russell Fontenot. Fontenot was indisput *700 ably in charge of the loading, unloading, movement of, and stopping the car and shared this authority with no one. Whether there was a joint venture arrangement for the installation of the poles is irrelevant and this assignment of error is without merit.
SPECIFICATION OF ERROR NO. 2
Plaintiff argues that the trial court erred in failing to find that Lewis Crane Rentals, Inc. was negligent and that Lewis Crane Rentals, Inc. breached a duty of safety owed to the plaintiff.
The trial judge found that Ronnie Les-tage, the Lewis Crane Rentals, Inc. employee, operated the crane in a slow and safe manner and that there was no evidence to substantiate any allegation of negligence on the part of Lewis Crane Rentals, Inc. He also found that there was no causation by which Lewis Crane was responsible for any damages sustained by the plaintiff.
In a suit for damages, Smith must prove by a preponderance of the evidence, that (1) the conduct of Ronnie Lestage (Lewis Crane employee) was a cause-in-fact of the accident; (2) there was a duty imposed upon Lestage under the circumstances of this case; (3) the risk of the particular injury which Smith suffered was within the scope of the protection of that duty; (4) Lestage breached that duty; and (5) the breach of duty required a response in damages. Jones v. Robbins, 289 So.2d 104 (La.1974); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (La.1972); Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (La.1970); Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (La.1962); State Farm Mut. Ins. Co. v. South Cent. Bell, 343 So.2d 758 (La.App. 3d Cir.1977).
The threshold inquiry in the determination of liability is whether defendant’s action was a cause-in-fact of plaintiffs harm. Conduct, whether negligent or not, is a cause-in-fact if it is a substantial factor in bringing about that harm. A cause-in-fact is a necessary antecedent.
In the instant case, Smith was injured while attempting to stop the movement of the railway car. Had the railway car not been moving, Smith would not have been injured. The movement of the car by defendant’s employee, Ronnie Lestage, was a substantial factor in bringing about Smith’s harm. The movement was a necessary antecedent.
The inquiry into defendant’s liability does not end here, however. The ultimate question is whether the conduct complained of constituted a breach of a legal duty imposed to protect against the risk involved. Plaintiff strenuously argues that Lestage should have refused to allow the crane to be used to move a railway car because he knew or should have known that such was dangerous and that he violated a duty by allowing the crane to be used in that manner. The evidence is clear, however, that it was not Lestage’s duty to stop the movement of the railway car. Fontenot, as foreman for In-tracoastal, assumed the duty to stop the movement of the car and assigned this task to Smith. If Lestage had moved the car in a negligent manner, such as by using excessive speed or by jerking the car along, and if this negligent activity had been a cause-in-fact of Smith’s harm, then a different result would be reached. The risk that plaintiff would not perform his duty of throwing the board in the proper manner or that the board would snap back and injure plaintiff was not a risk encompassed by Lestage’s duty to carefully and safely move the car. We agree with the trial court that Lestage operated the crane safely and carefully and was not guilty of negligence and that he did not breach any duty owed to the plaintiff.
SPECIFICATION OF ERROR NO. 3
Plaintiff’s third argument is that the trial court erred in failing to find that LP&L owed plaintiff a duty of safety, which it breached, simply because plaintiff received no direct orders from LP&L personnel.
The trial judge found that the railway car in question had to be moved to facilitate *701 the installation of a pole by LP&L. The record does not reveal any act or omission on the part of any employee of LP&L which related in any way to the movement of the railway car. The decision to move the car, the manner in which it was moved and stopped, was solely the responsibility of Fontenot, Intracoastal’s foreman.
Plaintiff complains of certain conduct of LP&L which may or may not be negligent, such as the failure to inquire concerning the training or experience of the Intracoastal crew in the installation of utility poles and the overlapping supervision over various activities of the different crews; however, none of the conduct complained of has any relation to the order to move the railway car or to plaintiff’s accident. There is simply no causal relationship between any activity or omission by LP&L and the accident.
SPECIFICATION OF ERROR NO. 4
Plaintiff argues that Lewis Crane Rentals, Inc. and LP&L are joint tort-feasors with Intracoastal. To be a joint tortfeasor, however, one must be found to be individually liable to the plaintiff. The trial court found, and we have affirmed its finding, that the defendants Lewis Crane Rentals, Inc. and LP&L are not liable to the plaintiff. They therefore cannot be jointly liable with Intracoastal. See Russo v. Aucoin, 7 So.2d 744 (La.App. 1st Cir.1942).
For the above reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.