439 So.2d 1253 (1983)
Jeanne Haydel Rome, Wife of/and Michael ROME
v.
STATE FARM MUTUAL AUTO INSURANCE CO. and Jeanne Rousseau.
No. 83-CA-322.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1983.
*1254 Badeaux, Discon, Cumberland & Shearman, Robert F. Shearman, New Orleans, for plaintiffs-appellants.
Porteous, Hainkel, Johnson & Sarpy, Adrianne L. Baumgartner, New Orleans, for defendants-appellees.
Before KLIEBERT, CURRAULT and DUFRESNE, JJ.
DUFRESNE, Judge.
This is a tort action arising out of an automobile accident which occurred on December 25, 1980 on the Causeway Bridge in Jefferson Parish. Plaintiffs, Jeanne Haydel Rome and Michael Rome, filed suit against Jeanne Rousseau and State Farm Mutual Automobile Insurance Company.
The underlying facts of this case are not disputed.
On December 25, 1980, at approximately 3:30 P.M. a collision occurred on the Causeway Bridge between a vehicle owned and operated by Jeanne Rousseau and one owned by John Rome and being driven by Jeanne Haydel Rome. The Rome vehicle was proceeding on the Causeway Bridge in a northerly direction towards Mandeville, Louisiana. The defendant, Jeanne Rousseau was driving her vehicle on the Causeway Bridge traveling in the same direction. After driving in the right lane, Mrs. Rousseau then merged into the left lane and approximately six (6) or seven (7) miles onto the Causeway Bridge she asserts that she became ill with stomach cramps and could not return into the right lane because of impeding traffic. Consequently, she proceeded to stop her vehicle in the left lane. She contends that her flashers were on so as to forewarn oncoming vehicles.
The plaintiffs' vehicle was traveling immediately behind a small truck at speeds allegedly not beyond the legal speed limit of 55 miles per hour. The plaintiffs allege that their vehicle was approximately five (5) to eight (8) car lengths to the rear of the truck.
The plaintiff-driver, Jeanne Haydel Rome, contends that she had been following the truck since she entered onto the Causeway Bridge. She stated that as the truck and her vehicle moved to the left lane and passed slower vehicles on the right, the truck upon seeing the defendants' stopped vehicle suddenly swerved into the right lane and around the stopped automobile. The *1255 plaintiff-driver was unable to see in front of the truck and as a result, she was faced with an emergency situation. She slammed on her brakes but could not avoid colliding into the rear of the defendants' vehicle which was stopped in the left lane.
Both the plaintiff-owner and plaintiff-driver sued Mrs. Rousseau and her automobile liability insurer, State Farm. The defendants filed a Reconventional Demand and a Third-Party Petition against the plaintiffs and the matter was tried without a jury. After the trial on the merits, the trial judge rendered judgment in favor of Michael Rome, the plaintiff-owner and against the defendants, State Farm and Jeanne Rousseau in the amount of $9,032.38; however, the judge dismissed the lawsuit of the plaintiff-driver, Jeanne Haydel Rome and also dismissed the Reconventional Demand and the Third-Party Petition. From this judgment the plaintiff, Jeanne Haydel Rome has filed this devolutive appeal and State Farm and Jeanne Rousseau have answered the appeal.
On appeal the plaintiff has assigned the following errors:
1. The court erred in not applying the Doctrine of Sudden Emergency and in finding Jeanne Haydel Rome guilty of contributory negligence.
2. The court erred in not applying the law of Comparative Negligence and dismissing Jeanne Haydel Rome's petition because of her contributory negligence.
The plaintiff contends that the defendant, Jeanne Rousseau violated LSA-R.S. 32:141 and that her negligence in doing so was the proximate cause of the accident. LSA-R.S. 32:141 reads as follows:
141. Stopping, standing or parking outside business or residence districts
A. Upon any highway outside of a business or residnece district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.
B. The provisions of this Section shall not apply to the driver of any vehicle which is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.
C. The driver of any vehicle left parked, attended or unattended, on any highway, between sunset and sunrise, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence.
The plaintiff argues that without this violation there certainly would not have been a collision, especially being stopped in the left (fast) or passing lane of traffic and in full view of all of the signs on the Causeway Bridge against stopping in this lane.
It is well settled law in Louisiana that violation of this statute constitutes civil negligence but is actionable only when it is shown that failure to follow a statute was a legal cause of the accident. Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (1970); Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).
Additionally, plaintiff must prove that there was a duty imposed upon defendant under the circumstances of the case; that the risk of the particular injury which the plaintiff suffered was within the scope of the protection of that duty; that defendant breached that duty; and that such breach of duty requires a response in damages. Pierre, supra; Dixie, supra; and State Farm Mutual Ins. Co. v. South Central Bell, 343 So.2d 758 (La.App. 3rd Cir. 1977).
*1256 With respect to the above settled principles of law, any discussion of the additional elements of this analysis is unnecessary, as we agree with the trial court and find that the defendant, Jeanne Rousseau's actions or omissions, as they were violations of existing state law, were a legal cause or a cause-in-fact of the accident. Cause-in-fact (or legal cause) has been defined as a "substantial factor in bringing about that harm." Dixie, supra.
We agree with the trial judge and fail to understand why the defendant could not have moved her car into the right lane after the approaching traffic had passed. As the trial judge noted in his written reasons for judgment:
"She was able to put on her flashers. It appears to the court that her ability to continue moving in the car, if such were the actual case, contradicts her statement that she was unable to move to the right when it would have required a slight twist of the power driven steering."
However, this court disagrees with the findings of the trial judge with regards to the application of comparative fault to the issue of (contributory) negligence on the part of Jeanne Haydel Rome. This court will agree that the plaintiff, Mrs. Rome, was contributorily negligent because this court must give great weight to the factual conclusions reached by the trial court, Canter v. Koehring Co., 283 So.2d 716 (La.1973), and may not substitute its own evaluations and inferences, for the reasonable evaluations and inferences of the trier of fact, unless those conclusions are clearly erroneous. Abadie v. Morales, 391 So.2d 974 (La. App. 4th Cir.1980) and Esta v. Dover Corp., 385 So.2d 439 (La.App. 1st Cir.1980).
The trial court found Mrs. Rome had evidenced some degree of substandard conduct sufficient to constitute contributory negligence. Absent any clear error as to the trial court's findings of fact, it shall be upheld. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The trial court's findings of fact will not be disturbed on appeal unless they are "clearly wrong" Arceneaux, above.
The trial judge concluded in his written reasons for judgment, to wit:
"On the other hand the court feels that Mrs. Rome was negligent in that she depended on a driver ahead of her to "clear the road" for her. She failed to provide safe enough distance between vehicles to allow her to meet an emergency. It was a clear bright day and the only reason she didn't see the stopped or slowly moving Rousseau vehicle was because she was following the pickup truck in a routine fashion and without attempting to observe the conditions of the road in front of the pickup truck. The excuse that she was unable to see over the pickup truck further indicates that she was blindly following the pickup truck at a fast though legal rate of speed. For these reasons, the court finds that it must reject the reconventional demand of State Farm and Mrs. Rousseau because of the negligence of Mrs. Rousseau as recited hereinabove."
Although this court shall follow the findings of contributory negligence on the part of Mrs. Rome, we hold that the trial judge failed to properly apply the existing law of comparative negligence to this case.
Comparative negligence is in its formative stages of judicial development and is not totally understood as to its applicability. However, in this case it should apply. In LSA-C.C. art. 2323 comparative negligence takes on the guide of contributory negligence, it reads as follows:
Art. 2323. When contributory negligence is applicable to a claim for damages, its effect shall be as follows: If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the claim for damages shall not thereby be defeated, but the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death or loss.
Under existing Louisiana negligence law, the plaintiff's recovery is reduced by *1257 the degree or percentage of negligence attributable to her, the same method of computation as to "damages" is used if both parties have suffered loss. As here, each party recovers from the other his total damages reduced by his share of the negligence. This legal principle avoids the seeming harshness of barring all recovery by a negligent plaintiff.
Throughout their pleadings and memorandums, neither counsel even hinted that the law of comparative negligence should be applied. However, in all claims occurring since August 1, 1980, Article 1917 of the Louisiana Code of Civil Procedure provides in part as follows:
"In nonjury cases to recover damages for injury, death or loss, whether or not requested to do so by a party, the court shall make specific findings that shall include these matters to which reference is made in Paragraph B of Article 1811 of this Code. These findings need not include reasons for judgment." (Emphasis added)
Basically, C.C.P., Article 1811 provides that the trial court must in its reasons for judgment state whether or not the fault was a proximate cause of the damages and the degree of such fault expressed in percentages and the amount recoverable as damages expressed in dollars.
For the reasons set forth above, the judgment of the trial court is reversed and remanded for determination of the applicable degrees of comparative fault with regard to the plaintiff, Jeanne Haydel Rome and the defendant, Jeanne Rousseau, all in accordance with this opinion. As to all other issues on appeal the judgment of the trial court is affirmed.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.