YELVERTON, Judge.
This property damage suit and reconven-tional demand arises from a collision between a pickup truck driven by Henry Wilson and a car driven by Vera Snell on a rural dirt road in Sabine Parish. Liberty Mutual Insurance Company, Wilson’s collision insurer, filed a subrogation claim for $1,715.23 against Snell, and she reconvened seeking $1,935.08 for damage to her car. The trial judge, finding that “Wilson made no effort to avoid the collision other than stopping in the middle of the road” and that Snell “slammed on her brakes and slid into him”, and believing that the facts presented as near to an equal fault situation as he had ever heard of, made a finding that both drivers were equally at fault. He did not, however, determine damages, but simply dismissed both demands. Both sides appealed. We affirm in part and reverse in part, and because the complete record is before us, we exercise the power of this court to award damages. La.C.C.P. Art. 2164. Jones v. P.K. Smith Ckevrolet-Olds, Inc., 444 So.2d 1372 (La.App. 2nd Cir.1984).
FACTS
The road where the accident happened was a dirt road in the clay hills. It was just wide enough for two cars to pass, and bordered by ditches on either side. Traffic in both directions usually used three ruts, sharing the one in the middle, moving out of the ruts only to pass. The road was wet from a recent rain. Both drivers were local residents and used the road routinely. The accident site was in a sharp U curve. Mrs. Snell was on the inside of the curve bearing to her right in the center of the road at about 20-25 miles per hour. Her vision of oncoming traffic was blocked by trees bordering the road around the inside of the curve. Wilson was driving his pickup in the center of the road on the outside of the curve. The state trooper who investigated the accident testified, and Wilson admitted, that Wilson had a better view of the curve than had Mrs. Snell.
Wilson saw Snell coming and stopped his truck in the center of the road. He admitted that he could have avoided the collision had he pulled to the side of the road. Snell, seeing the truck an instant later, slammed on her brakes and steered toward the ditch, but her car kept on going in the mud causing her to sideswipe the truck and land in the ditch. The state trooper testified that the point of impact was near the center of the road. The state trooper did not give either driver a ticket because he considered both drivers to be equally at fault in causing the accident.
COMPARATIVE FAULT
“Art. 2323. Computation of damages
“When contributory negligence is applicable to a claim for damages, its effect shall be as follows: If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the claim for damages shall not thereby be defeated, but the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death or loss.”
The trial court did not formally assign a finding of 50 percent fault on the part of Wilson and Snell. It is evident, however, from his oral reasons that he found each driver to be equally negligent in causing the accident. We accordingly infer that the trial court’s intention was to assign 50 percent comparative fault to each driver.
The trial court’s findings as to percentages of fault under LSA-C.C. Art. 2323, are factual, just as findings of contributory negligence under the old law were factual. See Triangle Trucking Co. v. Alexander, 451 So.2d 638 (La.App. 3rd Cir.1984) and citations therein. The trial court’s findings of fact should not be disturbed on appeal absent a finding of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
We find no error in the trial court’s assessment of 50 percent fault to each driver. Both drivers admitted fault. The testimony of the state trooper, who had 13 years experience investigating accidents, as to how the accident happened, and his descrip *1052 tion of the physical evidence, support the conclusion of the trial court.
DAMAGES
Having found equal fault by each driver, the trial court then concluded that neither party was entitled to a judgment for damages against the other. A judgment was signed dismissing both the main and the reconventional demands and assessing costs to both sides equally. The trial court’s disposition of this case in light of its findings is clearly erroneous. We reverse and render judgment for the following reasons.
Under the Civil Code, the effect of a finding of contributory negligence is that the plaintiff's “... claim for damages shall not thereby be defeated, but the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury ...” LSA-C.C. Art. 2323.
When both parties are at fault each party recovers from the other his total damages reduced by his share of negligence. Rome v. State Farm Mutual Auto Insurance Co., 439 So.2d 1253 (La.App. 5th Cir.1983). In this case, judgment should have been rendered in favor of each party in the amount of its total loss reduced by 50 percent for its share of negligence.
The trial court failed to assess any damages. Since we have the complete record before us, we may determine the damages and render judgment accordingly. La.C.C.P. Art. 2164; Jones v. P.K. Smith Chevrolet-Olds, Inc., supra.
Liberty Mutual paid Wilson $1715.23 for damages to his vehicle. That sum was not contested by the plaintiff in reconvention. Upon payment Liberty Mutual became sub-rogated to Wilson’s claim by virtue of a subrogation agreement signed by Wilson and entered into evidence. Thus, Liberty Mutual proved damages in the amount of $1715.23.
Snell’s damages are less easily determined. She did not have the damages to her car appraised until she received notice of the suit against her. Berry Galloway, the appraiser, estimated Snell’s total damages at $1935.08. Liberty Mutual also used Galloway’s estimate of Wilson’s damages in its payment of Wilson’s claim. At trial Galloway testified that 25 percent of the total estimate of damages to the Snell car may have been for conditions unrelated to the accident. Galloway admitted that his conclusion was just a guess because he had not seen the car right after the accident. He could not specify which items of repair on the appraisal sheet represented damage done before the accident. Snell denied that there was any pre-accident damage. She testified that the car was in excellent shape before the accident except for a spot of chipped paint, and that all of the damages found by Galloway were caused by the accident. On cross-examination of Galloway, counsel for Liberty Mutual attempted to show that Galloway’s estimates of the time necessary to do certain work and of the cost of certain replacement parts were excessive. At that time the work on Snell’s car had yet to be done. We find no good reason to discount Galloway’s estimates. Snell’s seemingly straightforward and sincere testimony shows a detailed familiarity with the before-wreck condition of her car. We find that Snell proved damages in the amount of $1935.08.
Liberty Mutual’s total damages of $1715.23 reduced by 50 percent is $858.62. Snell’s total damages of $1935.08 reduced by 50 percent is $967.54. La.C.C. Art. 1893 reads in part:
“Compensation takes place by operation of law when two persons owe to each other sums of money ... and these sums ... are liquidated and presently due.
“In such a case, compensation extinguishes both obligations to the extent of the lesser amount.”
In this case, compensation takes place to the extent of $858.62, leaving owed by Liberty Mutual to Snell the amount of $108.92.
The trial court’s assessment of 50% fault to each driver is affirmed, as is the judgment for an equal division of costs below. The judgment dismissing both demands is reversed, and, after an allowance for compensation as calculated above, judgment is *1053 rendered in favor of Mrs. Snell against Liberty Mutual Insurance Company for $108.92, with interest from the date of the reconventional demand. Costs of this appeal will be paid by Liberty Mutual.
AFFIRMED IN PART, REVERSED IN PART, and RENDERED.